21828. OATS v. THE STATE.
21829. CHANEY v. THE STATE.

SUBMITTED OCTOBER 8, 1962—DECIDED OCTOBER 22, 1962—
REHEARING DENIED NOVEMBER 8, 1962.

*Aaron Kravitch,* for plaintiffs in error.

*Andrew J. Ryan, Jr., Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

ALMAND, Justice. Under separate indictments, Frank Oats, in one count, and Harold Chaney, in four counts, were charged with the offense of rape upon females under the age of fourteen years. By consent of the defendants, they were tried together. In each case the jury returned a verdict of guilty with a recommendation that the defendants be sentenced as for a misdemeanor and they were given misdemeanor sentences. Their separate motions for a new trial on identical grounds (general and one special) were overruled. By separate bills of exceptions, error is assigned on the order denying them a new trial.

1. The court gave in charge to the jury the provisions of *Code* §§ 26-1303 and 26-1304, which provide that it shall be unlawful for any person to have sexual or carnal intercourse with any female under the age of fourteen years, unless such person shall have previously become lawfully married to such child, and one found guilty of rape under § 26-1303 shall receive the punishment prescribed in *Code Ann.* § 26-1302 "unless the jury trying the case shall recommend that the defendant be punished as for a misdemeanor in which event the same shall be made the judgment and sentence of the court," as provided in *Code* § 26-1304.

The evidence, direct and corroborative, was sufficient to support the verdict of the jury in each case and the general grounds in each case were properly overruled.

2. The court charged the jury as follows: "It is for the jury to determine whether the female alleged to have been raped has been so corrobated or not. It is not necessary that the corroborating evidence, if any, should of itself be sufficient to show the defendant's guilt beyond a reasonable doubt. The jury would be authorized to convict the defendant if they are satisfied of his guilt beyond a reasonable doubt from all of the evidence, that of the female alleged to have been raped and the corroborating evidence, if any, taken together and considered along with

the statements of the defendants. If in this case you find there has been this lack of corroboration it would be your duty to acquit the defendants, regardless of what the prosecutrix or prosecutrices might have testified to."

The defendants assign error on the ground "that the error of the court was in failing to qualify said charge that the corroborating evidence, even though insufficient in and of itself to show the defendant's guilt, must be sufficient to create an inference of guilt or the suspicion of guilt of the defendant, and also must be sufficiently close to the time of the alleged rape so as to be of a corroborating nature, independent of the testimony of the prosecutrix itself." "That the failure of the court to so qualify said charge was prejudicial error and under the evidence in said case, was demanded, and the failure of the court to so charge demands a new trial for the defendant."

This charge was not erroneous. See *Wright v. State*, 184 Ga. 62 (190 SE 663), and *Harper v. State*, 201 Ga. 10 (39 SE2d 45).

It was not error to overrule the motions for a new trial in both cases.

*Judgments affirmed. All the Justices concur.*