## 29289. CURRY v. THE STATE.

GUNTER, Justice.

This appeal is from a conviction for rape and a twenty year sentence.

The appellant enumerates five errors; they are all without merit; and the judgment below must be affirmed.

The first enumerated error complains that there was insufficient evidence to corroborate the testimony of the victim. The transcript of the evidence refutes this contention. There was ample corroborating evidence in this case. See *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) (1972).

The appellant's second complaint is about the charge of the court to the jury. The language complained of was approved by this court in *Oats v. State,* 218 Ga. 454 (128 SE2d 501) (1962). The charge of the court as a whole fully and fairly covered the law on corroboration, and was not erroneous.

The next alleged error is that State Exhibit Number 6 was erroneously admitted into evidence. This exhibit was a photograph, and we do not find in the record any

proper objection to it. However, identity of the appellant was not an issue in this case, and the admission of this exhibit could not have been harmful to the appellant.

The appellant next argues that the trial court committed error in not admonishing the jury to disregard an improper question asked by the district attorney concerning appellant's failure to make an exculpatory statement when he was arrested. No objection to the question or the appellant's answer was made at the trial. There can be no valid complaint, after verdict, about a question and answer admitted during the trial without objection.

The final complaint is that the trial judge should have charged the jury on assault with intent to rape. However, under the evidence as presented by the parties, the appellant either raped the victim or did nothing to her. The failure to charge on assault with intent to rape was not erroneous.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED OCTOBER 4, 1974 — DECIDED JANUARY 8, 1975.

*Silver, Zevin & Sewell, Paul J. Sewell,* for appellant.
*Richard Bell, District Attorney, J. Ralph McClelland, III, Assistant District Attorney,* for appellee.