## 58507. WELLONS v. THE STATE.

SHULMAN, Judge.

Appellant was found guilty of operating a motor vehicle while his driver's license was revoked, in violation

of Code Ann. § 68B-308 (c). We affirm.

1. Appellant, submitting that the state failed to show by sufficient evidence that appellant was operating a motor vehicle, asserts that the conviction must fall. We disagree.

An investigating officer and an ambulance attendant testified as to their observations upon responding to a call that a vehicle (later alleged to be the vehicle operated by appellant) had run off the road. The attendant testified that upon arriving at the collision scene, he found only one vehicle and one person (appellant) in the vehicle. The officer testified that, based on his analysis of medical evidence of injuries sustained by appellant and the physical damage to the vehicle, appellant was the driver. This testimony was competent evidence that would support a verdict. *Faircloth v. State,* 95 Ga. App. 265 (1) (97 SE2d 641); *Tillman v. State,* 61 Ga. App. 724 (7 SE2d 285).

2. We cannot agree with appellant's contention that the state failed to show that appellant was given notice that he had been classified as an habitual violator.

Code Ann. § 68B-308 provides that "[n]otice shall be given by certified mail, with return receipt requested; or in lieu thereof . . . by personal service upon such person." Testimony that a state trooper had attempted to personally serve appellant with an "Official Notice of Revocation" but that appellant refused to accept service comported with the notice requirements of Code Ann. § 68B-308. See generally *Hickey v. Merrit,* 128 Ga. App. 764 (197 SE2d 833).

3. Contrary to appellant's assertion, the trial court did charge the jury in accordance with appellant's timely submitted written request.

4. When it became apparent to appellant that certain jurors had observed appellant in a jail cell when those jurors returned from a lunch recess, appellant moved for a mistrial. We cannot agree that the denial of this motion constituted reversible error.

The trial court denied the motion after questioning each juror individually and determining that those jurors who had observed the appellant in confinement were not prejudiced thereby. Since this is a matter which addressed

itself to the discretion of the trial court, and since no abuse of that discretion appears, the denial of appellant's motion for mistrial does not afford any ground for reversal. *Howard v. State*, 144 Ga. App. 208 (8) (240 SE2d 908).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 8, 1979 — REHEARING DENIED NOVEMBER 26, 1979 —

*Theron Finlayson,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.