## 60566. COLE v. THE STATE.

BIRDSONG, Judge.

James C. Cole was convicted of armed robbery and aggravated battery. He was sentenced to serve a life sentence for the robbery and 20 years consecutive to the life sentence for the aggravated battery. The facts show that Cole by a pretext gained entrance into the home of the victim, an 82-year-old widow, and thereafter demanded her money by threatening her with a knife and beating her with his fists. Cole apparently thought the victim had a substantial sum of money, and when she only produced $7 from her purse, he used his knife to slice her face from the left ear lobe to the nose, cutting completely

through the cheek into the interior to her mouth, resulting in muscular weakness and disfigurement. Cole enumerates five alleged errors which we will treat seriatim. *Held:*

1. In his first enumeration of error, Cole argues that the victim erroneously identified Cole as being the robber by identifying a picture marked as State's Exhibit 4 and did not otherwise identify Cole in court. It is undisputed that the real picture of Cole was State's Exhibit 2. The record reflects that the victim picked out one picture from a display of five stating unequivocally that she had had a good opportunity to observe her assailant during the robbery and that the picture she picked out at trial was the same one she picked out at a pretrial pictorial display. The prosecutor referred to the picture as "P 4." Later on cross examination, the victim stated in effect that she had not seen the defendant since the robbery except by picture at the hospital "and his old self now." Subsequently, the prosecutor, through other witnesses, identified the picture picked out by the victim as State's Exhibit 2. Lastly, appellant's co-actor in the crime of robbery testified that Cole entered the victim's house, remained there a few minutes, and exited with blood on his clothing. The trial court did not err in accepting the testimony of the victim identifying Cole as her assailant. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). This enumeration lacks merit.

2. In his second enumeration of error, Cole argues that the trial court erred in allowing evidence of other acts of misconduct. The evidentiary background for this enumeration shows that on cross examination, counsel for Cole was attacking the credibility of a witness. Cole's co-actor in the robbery had testified that he waited in the car while Cole went in the victim's house. The co-actor had given a statement to a police officer. When cross examining that officer, counsel sought to show by the statement that Cole and the co-accused had entered the victim's house together. The officer responded that the joint entry referred to in the statement concerned another burglary that had been perpetrated a few days after the robbery in question. No objection or request to expunge this self-induced testimony was made. Later the prosecutor, without objection, established that "entry" referred to a different episode. Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it. *Rozier v. State,* 126 Ga. App. 336 (1) (190 SE2d 627). Moreover, in this state, it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised. *Sides v. State,* 213 Ga. 482, 487 (99 SE2d 884). This enumeration likewise lacks merit.

3. By Enumeration 3, Cole advances the argument that the

circumstantial evidence does not support the verdict of guilty. This enumeration is based upon an assumption that the victim did not make a valid identification of Cole in the courtroom and the co-accused was not in the house in order to be a witness to the actual robbery and cutting. We reject this argument out of hand. Our review of the evidence presented to the triers of fact convinces us that any rational trier of fact could reasonably have found from the evidence of record proof of guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

4. Appellant argues in his fourth enumeration of error that the trial court erroneously allowed the use of an impermissibly suggestive pictorial lineup. Based upon the evidence before the trial court, the pictures attached to the transcript, and other overwhelming evidence of identification including the victim's positiveness of Cole as her assailant, we have no hesitancy in concluding that this enumeration is wholly without merit. *Dagenhart v. State,* 234 Ga. 809, 810 (218 SE2d 607).

5. In his last enumeration of error, Cole complains that the trial court erroneously denied a motion for mistrial when the prosecutor made reference to a motion to suppress. Examination of the transcript shows the following developments. Cole had testified that blood was on his shirt on the sleeve because of an unrelated wound but only on the sleeve. The officer who confiscated the shirt testified that the shirt was speckled with blood throughout. Cole's attorney sought to belittle the testimony by showing that the shirt was not available to resolve the dispute and to show that the officer had made no real efforts to regain possession of the shirt from the state crime lab where the shirt was undergoing analysis. On redirect examination, the state asked if the officer knew that the defense had sought to suppress his shirt by motion, evidently to explain why no greater efforts had been expended to regain possession of the shirt before trial. Counsel for the defense was aware that the state would not make any effort to introduce any of the physical evidence or results of tests performed on that evidence which was gained as a result of a search. As soon as the state mentioned the motion to suppress, appellant moved for a mistrial. The trial court denied the motion commenting that the defense had introduced the subject.

We agree with the ruling of the trial court. What we said in Division 2 of the opinion carries equal force and weight in regard to this issue. The transcript reveals that the testimony of which complaint is made was elicited as much by defense counsel as by the district attorney. Therefore, if there was any error in admitting this reference, it was induced error, which cannot be made the subject of complaint on appeal. *Perryman v. State,* 244 Ga. 720, 721 (261 SE2d

588); *Threlkeld v. State,* 128 Ga. 660 (58 SE 49).
    *Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 9, 1980 — DECIDED OCTOBER 3, 1980.

*E. Earl Seals,* for appellant.
    *William F. Lee, Jr., District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.