## 60586. COOPER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for various driving violations and for two counts of driving after having been declared an habitual violator. *Held:*

Defendant's sole enumeration is that the trial court erred in denying his motion for a new trial on the general grounds and his motion for a directed verdict on the habitual violator counts because the evidence was insufficient to establish that he had received valid notice of his habitual violator status.

The evidence shows that the Department of Public Safety sent an official request for police service concerning defendant's revocation to the state patrol. A state patrol officer read defendant the contents of the request which stated that he had been declared an habitual violator, told him that he would be unable to drive a vehicle and that if he did he would be subject to imprisonment. While he was not given a written notice of revocation, defendant signed a

statement acknowledging that he had been personally notified of his habitual violator status.

In *Wellons v. State,* 152 Ga. App. 523 (263 SE2d 212), it was held that attempted personal service by a state trooper of a written notice of revocation which was refused was sufficient to comport with the notice requirements of Code Ann. § 68B-308 that "[n]otice shall be given by certified mail, with return receipt requested; or in lieu thereof notice may be given by personal service upon such person."

In this case, because of the defendant's acknowledged receipt of notification of his habitual violator status, we also find sufficient compliance with the notice requirements of the statute.

We also find the evidence amply sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED OCTOBER 15, 1980.

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.