## 61591. GILSTRAP v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of being an habitual violator on June 3, 1980, that is, in the operation of a motor vehicle after having received notice that his driver's license had been revoked as provided in Code Ann. § 68B-308 (a) (Ga. L. 1975, pp. 1008, 1032; 1977, pp. 307, 308; 1978, pp. 225, 226; as amended in 1980, pp. 691, 693, eff. July 1, 1980), without having obtained a valid driver's license after said revocation. He was sentenced to serve a term of 5 years (2 years in the state penal system, balance on probation subject to conditions). Defendant appeals. *Held:*

1. A deputy sheriff, called as a witness, testified that on June 3, 1980, he observed the defendant driving an automobile at a high rate of speed, his attention having been called to same because of "tires squealing." The defendant turned into an apartment complex and he lost sight of the vehicle for "a matter of seconds" as he attempted to follow the defendant into the complex. He then observed the car parked in front of an apartment and when he knocked at the door of the apartment the defendant answered. The deputy asked him for his driver's license, and the defendant answered that it was "inside the house." When the deputy suggested that the defendant obtain his license the defendant then told him that "he did not have a driver's license." Whereupon the deputy obtained a check on his driver's license by computer via radio and was advised that the defendant "had been declared an habitual violator." In advising defendant of this fact, "[h]e told me that he was aware of it." No valid license was shown to the officer. *Flakes v. State,* 243 Ga. 699 (1) (256 SE2d 379).

The above admissions by the defendant were allowed in evidence over objection. The defendant contends they were made without the appropriate constitutional warnings; it was erroneous to admit the statement without a Jackson-Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing; and the trial court also committed error in denying his motion for mistrial when the prosecutor commented upon the same. The above tripartite enumeration with reference to the admissions by the defendant are not meritorious. Defendant was not in custody at the time he made the admissions and no warnings concerning his constitutional rights were required. No Miranda (Miranda v. Arizona, 384 U. S. 436, 473 (86 SC 1602, 16 LE2d 694)) in-custody interrogation occurred. No Jackson-Denno hearing was necessary (voluntariness of a confession). *Strickland v. State,* 153 Ga. App. 51, 52 (3) (264 SE2d 540); *Wilburn v. State,* 230 Ga. 675, 679 (2) (198 SE2d 857).

2. The remaining enumeration of error is concerned with the claim that it was error to admit certain state's exhibits with reference to notice by mail to the defendant that he had been declared an habitual violator by the Department of Public Safety. Exhibit 1 was the official notice of revocation certified as a true copy of the original or duplicate original by the official custodian as same appears in the records of the Department of Public Safety. The state's Exhibit 2 was a copy of the return mail receipt of certified mail showing to whom, date, and address of delivery, with signature thereon indicating that the defendant had received the certified mail. This copy of the return receipt of the restricted delivery certified mail letter was certified as a true and correct copy of the original or duplicate original as appears in the records of the Department of Public Safety. These exhibits were properly admitted into evidence, and the state proved that defendant had received notice that he has been classified as an habitual violator. See *Wellons v. State,* 152 Ga. App. 523, 524 (2) (263 SE2d 212); *Flakes v. State,* 243 Ga. 699, supra. *Weaver v. State,* 242 Ga. 8 (247 SE2d 749).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 13, 1981 —
REHEARING DENIED JUNE 19, 1981

*Ken Gordon,* for appellant.
*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.