68072. LIPSEY v. THE STATE.

BANKE, Presiding Judge.

The appellant was indicted for three counts of child molestation, each involving his 12-year-old stepdaughter. He was acquitted as to Count 1, charging him with sexual intercourse, and found guilty as to Counts 2 and 3, charging him with oral sodomy and fondling. However, the trial court subsequently granted his motion for new trial as to Count 3, based on the state's failure to prove venue. This appeal is from the denial of the motion for new trial as to Count 2.

The victim first revealed that there had been sexual contact between herself and the appellant in April of 1982, when she told a friend that the appellant had touched her in "wrong places." The friend urged her to tell her mother, but the child instead confided the problem to an adult stepsister, who was the appellant's daughter by a previous marriage. The stepsister in turn told the child's mother, who immediately took the child to a physician for a medical examination.

Based on his interview with the child, the physician subsequently telephoned a report of the suspected abuse to the DeKalb County Department of Family and Children Services. Coincidentally, at the time that the physician made this call the child's mother was at the De-

partment of Family and Children Services discussing the situation with Mrs. Jenkins, a caseworker with the Office of Child Protective Services. At Mrs. Jenkins' request, the mother brought the child to the DFCS office later that same day. Based on what the child told her, Mrs. Jenkins then contacted the appellant and asked him to come in. The appellant did so, and Mrs. Jenkins advised him that if he did not remove himself from the home and obtain counseling, the child would be removed from the home. As required by OCGA § 19-7-5 (c), Mrs. Jenkins later reported the suspected molestation to the police; and on April 19, 1982, a warrant was issued for the appellant's arrest on the charge of incest. This warrant was not executed, however, until April 27, 1982, when the appellant turned himself in at the police station.

On April 15, 1982, three days after his meeting with Mrs. Jenkins, the appellant sought counseling at the North DeKalb Family and Children Clinic, where he was initially interviewed by Martin Platzer. Although Platzer described himself as "clinical chaplain," he testified that he did not tell the appellant he was a chaplain, and he stated that his role in speaking with the appellant was not that of a clergyman giving religious guidance but simply that of a clinician conducting "intake evaluation." Platzer testified that during the course of their interview, the appellant admitted having engaged in oral sex, fondling, and masturbation with the victim.

Following this intake evaluation, the appellant and his wife were referred to Stu Cohen, with whom they began regular counseling sessions. Cohen described himself as a behavior specialist supervisor with M.Ed. and Ed.S. degrees and acknowledged that he was neither a doctor nor a psychiatrist. He testified that during a counseling session which took place on April 26, 1982, the appellant admitted having used the victim "as comfort," which led to sexual foreplay.

Prior to trial, the state issued a subpoena to Cohen requiring him to produce all records of conversations and counseling sessions with the appellant regarding his personal and sexual relations with the victim. The DeKalb County Board of Health moved to quash this subpoena, seeking direction from the court as to whether such documents were privileged under OCGA § 37-3-166. Following a hearing on this motion, the court ruled that while any notes which may have been made by psychiatrists or clinical psychologists were privileged, all other pertinent records of the North DeKalb Family and Children Clinic were not privileged and were required to be produced. Both Cohen and Platzer sought unsuccessfully at trial to invoke a testimonial privilege based on the confidentiality of their relationship with the appellant. *Held*:

1. The first enumeration of error, which concerns the denial of the appellant's motion for appeal bond, was made the subject of a

motion for expedited hearing and has previously been ruled on by this court. See *Lipsey v. State,* 170 Ga. App. 212 (316 SE2d 774) (1984).

2. The trial court did not err in failing to conduct a hearing to determine whether the disclosures the appellant allegedly made to Platzer and Cohen were voluntary and whether they were preceded by proper Miranda warnings. "Where a possible criminal defendant has not been taken into custody or otherwise deprived of [his] freedom of action in any significant way at the time the answers were given . . . the custodial interrogation condemned by Miranda has not occurred. [Cits.]" *Grogins v. State,* 154 Ga. App. 606, 607 (269 SE2d 98) (1980). The appellant was obviously not in custody or deprived of his freedom in any way when he spoke with Platzer and Cohen. Consequently, no Miranda warnings were required, and it was unnecessary to hold a Jackson v. Denno hearing to determine voluntariness. See *Gilstrap v. State,* 159 Ga. App. 11 (282 SE2d 644) (1981). Accord Minnesota v. Murphy, ___ U. S. ___ (104 SC 1136, 79 LE2d 409) (1984).

3. The appellant further contends that the admission of evidence concerning his disclosures to Platzer and Cohen violated his constitutional right of privacy. In support of this argument, we are cited to several cases which stand for the proposition that a constitutional right of privacy exists, but none of these cases suggests that this right has any relevance to the admissibility of evidence in a criminal prosecution, save in the context of the Fourth Amendment prohibition against unlawful searches and seizures. Although there is no contention in this case that any of the evidence introduced by the state was obtained as the result of an unlawful search, in order to give the appellant the benefit of every doubt we shall treat this enumeration of error as a contention that the disclosures by the appellant during his counseling sessions were privileged due to their confidential nature.

As has previously been indicated, neither Platzer nor Cohen was a psychiatrist or clinical psychologist, and it follows that the appellant's communications to them were not privileged under OCGA §§ 24-9-21 or 43-39-16. While it is arguable that disclosures made in confidence to mental health professionals other than psychiatrists and psychologists ought to be privileged, the Legislature has not seen to make them so; and the mere fact that a communication is made in confidence is generally considered insufficient to entitle it to a privilege unless the parties bear to each other one of the specific relations recognized as privileged by statute. See generally 81 AmJur2d 182, Witnesses, § 141, citing *Plunkett v. Hamilton,* 136 Ga. 72 (7) (70 SE 781) (1911). This enumeration of error is accordingly without merit.

4. The appellant enumerates as error the denial of his motion for mistrial made in response to testimony by Mrs. Jenkins concerning

the victim's disclosure of the sexual activities she had engaged in with the appellant and concerning the appellant's wife's disclosure of certain inculpatory admissions the appellant had made. Before the motion for mistrial was made, the trial court had ruled that such hearsay would be allowed solely for the purpose of explaining Mrs. Jenkins' conduct, and the jury had been instructed that the testimony was to be considered for that limited purpose only.

Assuming *arguendo* that the trial court should have excluded the testimony and assuming further that the issue was properly preserved for review on appeal, we hold that the error was harmless, since virtually all of the testimony in question was corroborated by the victim and her mother when they took the stand. Accord *Williams v. State,* 156 Ga. App. 481 (2) (274 SE2d 826) (1980). Viewed in the context of the evidence as a whole, it is highly probable that the evidence complained of did not contribute to the verdict. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

5. In his final enumeration of error, the appellant contends that his trial counsel failed to provide him with reasonably effective assistance. In *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) (1977), the Georgia Supreme Court held that the following factual inquiries are critical to a determination of whether defense counsel provided reasonably effective assistance at trial: (1) Whether the defendant had a defense which was not presented, (2) whether counsel consulted adequately with the accused and adequately investigated the facts, and (3) whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy.

With regard to the first of these inquiries, we find absolutely no suggestion that the appellant had any defense which was not presented at trial. The position adopted by the appellant on the witness stand was that he had not engaged in any sexual activity with the child and that all the testimony to the contrary was simply untrue. While the jury evidently found this defense unpersuasive, we cannot for this reason assume that some other defense existed which would have been more successful.

With regard to the second of the three inquiries, there is neither any indication in the record nor any argument on appeal that trial counsel failed to consult with the appellant adequately or to investigate the facts properly, nor is there any indication that any additional facts existed which, if proven, might have affected the verdict.

With regard to the third and final inquiry, the appellant asserts that inadequate preparation is demonstrated by trial counsel's failure to file "any of the pretrial motions which are customary and indispensable to the effective representation of a criminal defendant." Specifically, the appellant refers to counsel's failure to file a "Brady motion"

for the discovery of exculpatory evidence in the state's files, a motion pursuant to OCGA § 17-7-210 for discovery of oral or written statements given by him while in police custody, a motion in limine, and a motion to dismiss on grounds of improper venue. It has not been shown, however, that any of these motions would have been meritorious. Concerning the failure to move for the discovery of statements made by the appellant while in police custody, for example, there is absolutely no basis for a conclusion that any such statements were made. As for the failure to move for dismissal for lack of venue, venue was clearly proper as to Count 2, the only charge of which the appellant was ultimately convicted.

Various other alleged omissions are attributed to trial counsel which are too numerous to warrant individual discussion. None of them establish a lack of adequate preparation. One such omission, for example, concerns the failure to object, on grounds of the marital privilege, to the appellant's wife's testimony regarding the damaging admissions the appellant had made to her. The privilege of refusing to testify belongs to the witness and not to the accused, and consequently such an objection would not have been meritorious. See *Carroll v. State*, 147 Ga. App. 332, 336 (248 SE2d 702) (1978); *Kellar v. State*, 226 Ga. 432 (1) (175 SE2d 654) (1970). Furthermore, it was the appellant who called his wife as a witness, and her testimony was generally favorable to him. Another alleged omission on the part of trial counsel concerns his failure to request any jury charges. However, counsel on appeal has specified no omission in the court's charge which can reasonably be viewed as detrimental to the appellant.

"The accepted standard regarding ineffective assistance of counsel is 'not errorless counsel and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance.' [Cits.]" *Pugh v. State*, 250 Ga. 668, 670 (2) (300 SE2d 504) (1983). We have no hesitancy in holding that the representation provided by appellant's trial counsel met this standard.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 20, 1984 —
REHEARING DENIED MAY 1, 1984 — 

*Don C. Keenan, Julie K. Fegley, David S. Bills*, for appellant.
*Robert E. Wilson, District Attorney, Jonathan C. Peters, Barbara B. Conroy, Assistant District Attorneys*, for appellee.