## 68285. GOODE v. THE STATE.

BENHAM, Judge.

Appellant was tried for and convicted of molesting his nine-year-old stepdaughter. He appeals the conviction, raising two enumerations of error. We affirm.

1. Appellant first cites as error the trial court's refusal to direct a verdict of acquittal for appellant at the close of the State's evidence, contending that a rational trier of fact could not have found appellant guilty beyond a reasonable doubt. The victim was the sole witness to the crime. In the course of her testimony she described what appel-

lant had done to her; she said that if she told anyone what he had done he would shoot her; and that she was afraid of him. She also admitted that when Mr. Templeton, the protective services worker, asked her about being molested, she said that she had lied about the incidents, but that she later said the incidents did occur. Mrs. Goode, the victim's mother and appellant's wife, testified for the defense. She stated that when her daughter told her about the first molestation, both she and her husband whipped the child for "telling a story." Mrs. Goode also said that her daughter continued to report such incidents until Mrs. Goode reported the molestations to the sheriff's department.

The credibility of a witness is a matter to be determined by the jury. OCGA § 24-9-80; *Geter v. State*, 157 Ga. App. 165 (1) (276 SE2d 676) (1981). Applying the "any evidence" standard of review (*Bethay v. State*, 235 Ga. 371 (1) (219 SE2d 743) (1975)), we find that the trial court was correct in overruling the motion for directed verdict of acquittal. Stated another way, "any rational trier of fact could reasonably have found from the evidence proof of the guilt of [appellant] beyond a reasonable doubt. [Cits.]" *Causey v. State*, 154 Ga. App. 76 (1) (267 SE2d 475) (1980).

2. Appellant also argues that the trial court erred in expressing an opinion in the presence of the jury as to the legality of appellant's arrest. It appears from the record that during closing argument the assistant district attorney made some reference to appellant's arrest. Appellant objected and the trial court sustained the objection. To clarify the matter, the court went on to say, "If there was an illegal arrest it wouldn't matter. The case would still be here. That only results in suppression of evidence. Secondly, there was no illegal arrest." The legality of the arrest was not an issue at trial, and the uncontroverted testimony showed a proper arrest warrant had been issued before appellant was arrested.

It is reversible error for a judge in any criminal case "to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." OCGA § 17-8-55. "However, remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." *Johnson v. State*, 246 Ga. 126 (5) (269 SE2d 18) (1980). The trial court merely stated a rule of law in this instance. We find no error in the court's actions.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1984.

*Robert B. Thompson, for appellant.*
*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assis-*

*tant District Attorney,* for appellee.