### 70762. STOWE v. THE STATE.
(335 SE2d 431)

BIRDSONG, Presiding Judge.

Royce Stowe was convicted of operating a motor vehicle on September 28, 1984, after having his driver's license revoked as an habitual offender. He was likewise convicted of driving while under the influence of alcohol. He was sentenced to five years for the unauthorized operation of a vehicle and twelve months for the DUI, with the twelve months of the DUI to be served concurrently with the first of two years of the felony habitual offender violation, and the remaining three years to be served on probation together with a fine. Stowe does not contest the factual predicate of the habitual offender conviction nor the DUI but raises four enumerations of error based upon procedural irregularities in the admission of documents offered by the state while seeking to establish the habitual offender offense.

The pertinent facts relating to notification of Stowe of the declaration of his status as an habitual offender reflect the following. After his third traffic conviction, the Department of Public Safety compiled records available to that department and ascertained that Stowe had been convicted of three serious traffic offenses within a five-year period. Accordingly on July 2, 1984, effective as of August 25, 1983, an official notice of revocation of driving license and privilege was issued by the Department of Public Safety to be served upon Stowe. An officer of the Cobb County Police Department served the notice of habitual offender status and revocation of license upon Stowe on July 2, 1984, and obtained Stowe's acknowledging signature. This document was returned to the Department of Public Safety and placed in its files. Furthermore at the time Stowe was arrested for DUI in September 1984, he voluntarily and spontaneously urged the arresting officer not to proceed with the arrest for he (Stowe) was an habitual offender

and he might have to go to prison. Notwithstanding, Stowe argues that in the absence of a signed return receipt in the files of the Department of Public Safety, there is no evidence that Stowe was notified as required by the applicable statute (OCGA § 40-5-58 (b), i.e., by certified mail with return receipt); that the statute likewise required someone with the Department of Public Safety to serve notice and thus service by a Cobb County police officer does not satisfy notice requirements; that the written order appointing the custodian of the records was not in court and thus the records did not meet the test of admissibility; and the driving records pertaining to Stowe impermissibly placed Stowe's character in issue by identifying three prior convictions.

We are not persuaded by any of these arguments. Subsection (b) of § 40-5-58 provides for alternative forms of service. It states: "Notice shall be given by certified mail, with return receipt requested; or, in lieu thereof, notice may be given by personal service upon such person." The custodian of the records testified in person and swore under oath without contradiction that he was the officially designated custodian of the pertinent records and that the records offered pertaining to Stowe had come from the files of the Department of Public Safety over which he had charge. He testified that these records reflected that a notice of revocation of license and declaration as an habitual offender had been mailed to Stowe by certified mail. While he also acknowledged that there was no showing in the files that a return receipt signed by Stowe was on record, he did identify as being an official record a document showing that on July 2, 1984, Stowe was personally served by a police officer with the notice of revocation and declaration as an habitual offender, that Stowe personally signed that notice, and the document had been returned and placed in the files of the Department of Public Safety. That Stowe was indeed served and was aware of his status as an habitual offender and the ramifications of that status is made clear by his prophetic and post service statement to the arresting officer in September that the action by the officer could cause Stowe as an habitual offender to go to prison.

It is uncontested in this case that official records identified by their custodian were removed by him from Department of Public Safety files. Normally mere identification of public records by the certificate of their custodian renders them admissible. *Henson v. State*, 168 Ga. App. 210, 213 (3) (308 SE2d 555); *Noles v. State*, 164 Ga. App. 191 (2) (296 SE2d 768); *Wallace v. State*, 158 Ga. App. 338 (280 SE2d 385). It is clear that if the documents are admissible on their face when accompanied by a written certification of the custodian, the sworn testimony of the custodian is equally as strong a showing of officiality as a documentation by seal or written statement showing the custodial duties of that same official. The absence of the order of

the Director of Public Safety showing the appointment of the custodian is not a prerequisite of admissibility in the absence of probative evidence that the custodian is in fact not the one who he represents himself to be. Furthermore, Stowe's contention that the listing of prior traffic convictions in an habitual offender case improperly places the recipient's character into issue, has expressly been considered and rejected by this court in *Key v. State*, 166 Ga. App. 546 (305 SE2d 20) as being nothing more than harmless error. See also *Noles v. State*, supra, p. 193.

Likewise, we consider an argument that only an employee or official of the Department of Public Safety can serve a notice of habitual offender upon one so designated in order to effect an enforceable service, to be without any substantial merit. The statute merely requires that once the notice is issued, the Department of Public Safety will see that it is served upon the offender. The statute does not require a member of the Department nor any other particular person to make that service. The statute obviously requires either constructive or personal service in order to punish for disregard of the statute. Personal service was made and recorded in this case. That satisfied the requirements and intent of the statute. See *Wellons v. State*, 152 Ga. App. 523 (263 SE2d 212). See also *Cooper v. State*, 156 Ga. App. 108 (274 SE2d 112).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 9, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*David M. Fuller*, for appellant.
*Robert E. Wilson, District Attorney*, for appellee.