## 72316. WHITE v. THE STATE.
(348 SE2d 728)

BENHAM, Judge.

Appellant was convicted of the molestation of one of his minor stepdaughters. His appeal raises several enumerations of error, none of which we find meritorious.

1. The first enumerated error challenges the sufficiency of the evidence. The victim's trial testimony showed that on several occasions between autumn 1981 and 1983 appellant would walk past her and fondle or grab her between her legs, on her breasts, or on her "rear end," and that when she told him she would tell her mother, he used intimidation to prevent her from reporting these incidents. Appellant finally reported the problem to a school counselor, Ms. Anderson, who testified that the victim told her about the sexual molestation she had been experiencing and that she had named her stepfather as the perpetrator. Other testimony was offered to show that appellant admitted having a sexual problem involving his stepchildren. Applying the standard set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to enable the jury to find appellant guilty of child molestation beyond a reasonable doubt. *Goode v. State*, 171 Ga. App. 901 (1) (321 SE2d 410) (1984).

2. Appellant moved for a new trial, alleging newly discovered evidence, but the motion was denied by the trial court. We find no merit in appellant's assertion that the trial court erred in ruling there was no new material evidence about which he could not have known at the time of trial. The standard for granting a new trial on the basis of newly discovered evidence is well established. It is incumbent on the party that asks for a new trial based on such evidence to satisfy the trial court that: (1) the evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that he did not acquire it sooner; (3) it is so material that it would probably produce a different verdict; (4) it is not cumulative only; (5) the affidavit of the witness himself should be procured or its absence accounted for; and (6) a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. *Timberlake v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980). The movant must show that all of the requirements are met to secure a new trial. Although appellant argues in his brief that the requirements were met, the record does not support the arguments made. There is no transcript of the hearing for this court to review to ascertain whether all six requirements were met, and the trial court's order denying the motion indicates that the victim's testimony at the hearing was not inconsistent with her testimony at trial and that the discrepancy in the testimony would, at best, only serve to impeach the witness. Therefore, we find no error occurred.

3. Appellant contends that the trial court should not have admitted into evidence the victim's high school homeroom teacher's testimony regarding the victim's reputation for truthfulness. In two other of his enumerations, appellant raises the same complaint about testimony given by a D.F.C.S. caseworker and an investigator from the sheriff's office. We find no error was committed with regard to the three witnesses. The high school teacher's testimony about which appellant complains was elicited by appellant's attorney, so appellant cannot now be heard that the evidence was improperly admitted. *Cole v. State*, 156 Ga. App. 6 (2) (274 SE2d 64) (1980). If there was any error in admitting the testimony, it was induced error, which cannot be made the subject of complaint on appeal. Id., Division 5. Regarding the caseworker's testimony, appellant interrupted the State's attorney's first two attempts to question the caseworker about her thoughts by objecting before the attorney could finish his question; when the attorney finally completed the question, "What was your opinion as to the truthfulness of what [the victim] had told you after you interviewed Mr. White?"; appellant made no objection to the question or the witness' answer. "There can be no valid complaint, after verdict, about a question and answer admitted during the trial without objection." *Curry v. State*, 233 Ga. 455, 456 (211 SE2d 746) (1975). Finally, our review of the record shows that the sheriff's investigator was not allowed to testify about his "feelings" regarding the victim's truthfulness, so there was no basis for error.

4. Appellant claims that the social worker's testimony about her counseling sessions with appellant should not have been admitted into evidence because the conversations were privileged communications under OCGA §§ 43-39-16 and 24-9-24. We disagree. Although the witness stated that she did individual psychotherapy while employed at the Coosa Valley Community Mental Health Center, she admitted that she never held herself out as a psychologist or psychiatrist, and that she did not have a medical degree but held a BA in social work. Since the witness was not a licensed applied psychologist, the communications were not privileged. *Lipsey v. State*, 170 Ga. App. 770 (3) (318 SE2d 184) (1984).

*Judgment affirmed. Beasley, J., concurs. Deen, P. J., concurs specially.*

Deen, Presiding Judge, concurring specially.

While full concurrence with Divisions 1, 2, and 3 and in the judgment is appropriate, certain comments should be made with reference to Division 4 of the majority opinion.

If one is a licensed psychologist or psychiatrist, communications are privileged. OCGA §§ 43-39-16 and 24-9-24. Where, as here, the witness performed individual psychotherapy but was unlicensed, we

have held that the communications were not privileged. *Lipsey v. State*, 170 Ga. App. 770 (3) (318 SE2d 184) (1984). It would seem to be the better rule that when confidential communications and disclosures of one's innermost secrets, thoughts, fears, frustrations, and emotions are entrusted to another person, the latter becomes a type of fiduciary and should not divulge this information or use it to harm or injure the former. Where one is encouraged to bare his soul to a counselor, therapist, psychologist, or psychiatrist, it would seem that the communications should remain confidential, unless perhaps information is revealed that a crime is about to be committed. This should include attorneys and "counselors at law," medical counselors, theological counselors, and teachers[1] and other related counselors, whether licensed or unlicensed, dealing with confidential communications. "Counseling began as a subdiscipline in psychology, but it soon became a field in its own right. Psychoanalysis and dynamic psychotherapy also developed new modifications — family therapy, group therapy, and marital therapy."[2] "By statute, privileged status has been extended to communications within professional relationships with people called 'psychiatrists,' 'psychologists,' and in some cases, '*counselors*.' " (Emphasis supplied.)[3]

*Lipsey*, at p. 772, held in part: "While it is arguable that disclosures made in confidence to mental health professionals other than psychiatrists and psychologists *ought to be privileged*, the Legislature has not seen to make them so. . . ." (Emphasis supplied.) Therefore, this appears to be a question which the General Assembly would possibly be required to address in the future.

DECIDED SEPTEMBER 3, 1986.

*Helen H. Porter*, for appellant.

*Darrell E. Wilson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.

---

[1] Parental consent is required in certain areas of psychological testing where children are concerned. *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 669 (307 SE2d 129) (1983).

[2] J. Robitscher, "The Growth of Psychiatric Authority," *The Powers of Psychiatry*, p. 94.

[3] "The Psychotherapist-Client Testimonial Privilege: Defining the Professional Involved," 1, 34 Emory L. J. 777, 826 (1985).