## 75141. LUCKEY v. THE STATE.
### (363 SE2d 791)

BENHAM, Judge.

Appellant was convicted of four counts of child molestation and four counts of aggravated child molestation of his niece and his nephew. On appeal, he challenges the sufficiency of the evidence on Count VII of the indictment, the introduction of similar offenses, and certain testimony of the victims' father. We affirm.

1. Count VII of the indictment charges appellant with causing his 8-year-old niece and 11-year-old nephew to "undress and lay on top of each other, with the intent to arouse or satisfy the sexual desires of the said accused." He claims that the evidence adduced at trial was insufficient to support conviction on that count. We disagree.

The male victim testified that appellant tried "to make [him and his sister] do something . . . forced [them] together . . . to make [them] do stuff." He further testified that when the incident took place he was in his shorts, and that appellant took his sister's panties off and "tried to force us together." The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of child molestation as described in Count VII of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *White v. State*, 180 Ga. App. 185 (1) (348 SE2d 728) (1986).

2. Early in the trial, the victims' father testified that his son had told him that appellant "made him do something ugly," and that the boy went on to recount the oral and anal sex acts appellant forced him to perform. Appellant objected to the evidence as hearsay, to

which the prosecuting attorney responded that the testimony was permitted under OCGA § 24-3-16. The trial court overruled the objection, and appellant claims error.

OCGA § 24-3-16 permits admission of statements made by a child under 14 years old describing any acts of sexual conduct performed with or on the child by another if the child is available to testify in the proceedings and the trial court finds the circumstances of the statement provide sufficient evidence of reliability. Although the trial court did note that the victim was available to testify, the record is not clear whether the trial court found that circumstances surrounding the statements in question carried "sufficient indicia of reliability." See *Godfrey v. State*, 183 Ga. App. 183 (1) (358 SE2d 264) (1987). However, this omission, if it is error, is harmless because the testimony was admissible for other reasons. The victim did testify at trial, and on cross-examination, counsel for appellant asked him whether he had hallucinated and whether he had told his cousin that his half-brother, and not appellant, had molested him. This questioning constituted an attack on the victim's veracity which rendered admissible the victim's out-of-court statement about the crimes, since "the defendant had the opportunity to confront the victim and cross-examine him under oath about his out-of-court statement." *Lynn v. State*, 181 Ga. App. 461, 464 (352 SE2d 602) (1987). Moreover, the evidence about which appellant complains was cumulative of the victim's in-court testimony, which renders harmless the admission of incompetent evidence. Id. Appellant's enumeration presents no ground for reversal.

3. Appellant also objected to the admission of similar-offense testimony against him. The victims' 17-year-old half-brother testified for the State that when he was seven years old, appellant forced him to commit an act of oral sodomy. Appellant argues that there was no logical connection between the earlier crime and the ones for which he was being tried because the previous crime occurred ten years earlier. We find no merit in appellant's contention. A ten-year lapse in time between the incidents does not render the evidence inadmissible. See *Rich v. State*, 254 Ga. 11, 14 (325 SE2d 761) (1985). See also *Cox v. State*, 173 Ga. App. 422 (1) (326 SE2d 796) (1985); *Cooper v. State*, 173 Ga. App. 254 (1) (325 SE2d 877) (1985). Moreover, " '[t]he sexual molestation of young children, regardless of sex or type of act, is of sufficient similarity to make the evidence admissible. [Cit.]' " *Keeler v. State*, 181 Ga. App. 208 (2) (351 SE2d 731) (1986).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 23, 1987 —
REHEARING DENIED DECEMBER 11, 1987 —

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney, Diane L. Perry, Assistant District Attorney*, for appellee.