## 77003. BRAGGS v. THE STATE.
(375 SE2d 464)

BENHAM, Judge.

Appellant was convicted of one count of child molestation and one count of aggravated child molestation. His appeal contests the sufficiency of the evidence and two other rulings that the trial court made in the course of the trial. Finding no error, we affirm the conviction.

1. The victim, who was nine years old at the time of trial, recounted several times over a period of months when appellant, a friend of the victim's grandmother, had touched her private parts through her clothing; had told her to take her clothing and undergarments down; had attempted to sodomize her after lubricating himself with hair gel; and had inserted his fingers and his penis into her vagina. The victim testified that she did not immediately relate the incidents to her grandmother, with whom she was living at the time, because appellant had said that if she told, she would get into trouble and he would go to jail for life. She also said that she did not tell her grandmother for a long time because she was scared. When appellant did something to make the victim angry, she finally told her grandmother that he was "messing around" with her. However, she did not go into more detail because her grandmother did not ask her any questions about it. Soon afterwards, the victim told her aunt about appellant's behavior, and the aunt subsequently notified the proper authorities. The grandmother testified and corroborated the victim's version of their conversation about appellant, saying she had asked the child if appellant had laid on top of her or anything like that, and the child had said yes. She said she did not question the child further because she was in shock and unsure about how to address the problem. The grandmother also said that, to her knowledge, the child had never lied to her.

The pediatrician who examined the victim several weeks after the last incident testified that he had found signs of sexual abuse, including the abnormal widening of the child's hymenal ring. He said that his findings were consistent with the insertion of one or two adult male fingers in the child's vagina, and that that finding was not con-

sistent with a trauma of any other type. The doctor said that the child's mother had brought her to the emergency room for examination because after she had returned from her grandmother's house, the child's behavior had changed; she had been having nightmares, sleeping with the lights on, and talking excessively about AIDS.

Appellant testified, denying that he had committed the alleged acts against the child. However, the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of child molestation and aggravated child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Luckey v. State*, 185 Ga. App. 262 (1) (363 SE2d 791) (1987).

2. During the redirect examination of the pediatrician, he described, over appellant's objection, the "syndrome of delayed disclosure." In essence, a child victim of sexual abuse will display the syndrome by feeling that the abuse is his or her own fault; by being afraid to tell people what has happened for fear of being blamed; and by disclosing the events gradually based on what the child thinks the adult could initially accept hearing and on the reactions of the adult when the child reports the abuse. Appellant claims the trial court erred in admitting this testimony because the witness was not shown to be an expert on the subject. We disagree.

It is within the trial court's discretion whether or not a witness is entitled to be designated as an expert. *Merrill v. State*, 130 Ga. App. 745 (5) (204 SE2d 632) (1974). The doctor had previously testified that his education and experience included training in the specialty of pediatrics; that he was a clinical instructor of pediatrics and adolescent medicine; that he had examined several hundred female children, and over two dozen sexually abused children. He also testified that he was familiar with the disclosure syndrome regarding children, both through observation in his own practice and his knowledge of the studies regarding the syndrome. Given this testimony, we do not find that the trial court abused its discretion in allowing the witness to explain the syndrome as an expert. See *Keri v. State*, 179 Ga. App. 664 (1) (347 SE2d 236) (1986).

3. During closing arguments, appellant's counsel attempted to argue that appellant must not have been as bad a person as the State's character witness portrayed him, since the State did not offer any witness to show that appellant had previously committed offenses similar to the one for which he was being tried. The State objected to that argument, and the trial court sustained the objection. Appellant cites that ruling as reversible error. We do not agree. As a general rule, "the defendant is not permitted to comment on the State's failure to produce certain witnesses." *Wilson v. Zant*, 249 Ga. 373, 384 (290 SE2d 442) (1982). Appellant has failed to demonstrate why that general rule should not be applied in his case. Therefore, we find no

error. *Roper v. State*, 251 Ga. 95 (6) (303 SE2d 103) (1983).
*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1988 —
REHEARING DENIED NOVEMBER 15, 1988 — 

*J. M. Raffauf*, for appellant.
Robert E. Wilson, District Attorney, Barbara B. Conroy, J.
Thomas Morgan III, Assistant District Attorneys, for appellee.