## A90A0069. WAITS v. THE STATE.
(390 SE2d 296)

DEEN, Presiding Judge.

The appellant, Charles Waits, was convicted of driving a car on August 17, 1988, after having been declared a habitual violator. The only issue on appeal concerns the validity of the notice and service of the notice of declaration of habitual violator and revocation.

The Department of Public Safety had issued official notices of revocation on February 7, 1986, and on August 9, 1985, but was unsuccessful in its attempted service by certified mail. On May 15, 1987, Waits was arrested in Gwinnett County and charged with DUI. A Gwinnett County police officer, after discovering that Waits had previously been declared a habitual violator but had not been served, completed a Department of Public Safety official notice of revocation, purporting to provide the same notice as that attempted on February 7, 1986. (The officer apparently erred in indicating a revocation date of February 4, 1986.) The officer read the notice to Waits, who in turn refused to sign it, and this service and refusal was witnessed by another Gwinnett County police officer. There was no evidence that Waits did not understand this notice. The form was then returned to the Department of Public Safety. Waits denied this occurrence.

We find this personal service sufficient to satisfy the intent and notice requirements of OCGA § 40-5-58 (b). Cf. *Cooper v. State*, 156 Ga. App. 108 (274 SE2d 112) (1980); *Wellons v. State*, 152 Ga. App. 523 (263 SE2d 212) (1979); see also *Stowe v. State*, 176 Ga. App. 169, 171 (335 SE2d 431) (1985). Waits' testimony that the Gwinnett officers never read or otherwise gave him the habitual violator notice

merely presented a factual question for jury resolution.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 22, 1990.

*John D. McCord III*, for appellant.

*Robert E. Wilson, District Attorney, Robert E. Statham III, Desiree L. Sutton, Assistant District Attorneys*, for appellee.