A92A1245. HYDE v. THE STATE.
(424 SE2d 39)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of driving under the influence and of felony operation of a motor vehicle notwithstanding the revocation of his license as an habitual violator. He appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal as to the felony habitual violator charge.

"[I]t shall be unlawful for any person to operate any motor vehicle in this state after such person has *received notice* that his driver's license has been revoked *as provided in subsection (b) of [OCGA § 40-5-58]*, if such person has not thereafter obtained a valid driver's license." (Emphasis supplied.) OCGA § 40-5-58 (c) (1). Notice to the habitual violator is an essential element of the offense. "It is driving a vehicle after receiving *notice* that one's license has been revoked as

[an] habitual violator that is prohibited by [OCGA § 40-5-58 (c) (1)]. [Cit.] Thus, it is notice of one's *status* as a non-licensed habitual violator, not the driving record underlying that status, zzzthat is an 'essential element' of [OCGA § 40-5-58 (c) (1)]." (Emphasis in original.) *Hester v. State,* 159 Ga. App. 642, 644 (2) (284 SE2d 659) (1981).

The date upon which the requisite notice was given to the habitual violator is relevant to whether his subsequent act of driving is punishable as a felony or a misdemeanor. A non-licensed habitual violator who drives within five years of notification of his status as such is punishable for a felony, whereas a non-licensed habitual violator who drives more than five years after the notification of his status as such is punishable for a misdemeanor. OCGA § 40-5-58 (c) (1).

In the instant case, the State adduced sufficient evidence to authorize a finding that, in August of 1991, appellant drove a motor vehicle without a valid driver's license. Accordingly, to demonstrate that this act was punishable as a felony the State was further required to show that appellant had been notified of his habitual violator status within five years of August 1991. The State did not do so. The State's evidence showed only that, pursuant to certified mail with return receipt requested, appellant had been notified of his habitual violator status in July of 1983. This evidence would authorize a finding that appellant was guilty of a misdemeanor violation of OCGA § 40-5-58 (c) (1), but it would not authorize a finding that he was guilty of a felony violation of that statute. See *Connelly v. State,* 181 Ga. App. 261 (351 SE2d 702) (1986).

The State did show that, in 1989 and again in 1990, the Department of Public Safety *issued* additional official declarations of appellant's *renewed* status as an habitual violator. If the State had further shown that *notice* of these declarations had ever been *given* to appellant pursuant to any of the methods authorized by OCGA § 40-5-58 (b), his instant act of driving without a license within five years thereof would be punishable as a felony. However, the State showed only the issuance of these declarations in 1989 and 1990, not that appellant had ever been given the requisite notification of their issuance. In the absence of any evidence that notification was given to appellant, the mere existence of the 1989 and 1990 declarations would not authorize a finding that he had committed *any* violation of OCGA § 40-5-58 (c) (1) in August of 1991 and those declarations would, therefore, be totally irrelevant in the instant case. "[I]t is important to note that in a prosecution under [OCGA § 40-5-58 (c) (1)], the [S]tate has the burden of proving that the defendant was *given notice* of revocation of his driver's license because of his having been declared [an] habitual violator. [Cit.]" (Emphasis supplied.) *Smith v. State,* 248 Ga. 828, 831 (3) (286 SE2d 709) (1982).

The State urges that there is evidence that appellant had actual

knowledge of his status as an habitual violator during the five years preceding August 1991. However, appellant's knowledge of his mere status as an habitual violator is irrelevant. It is the official *declaration* of appellant's status as an habitual violator that is the material issue. There is *no* evidence that appellant had actual knowledge that he had been *redeclared* an habitual violator at any point in time *subsequent* to July 1983. Compare *Waits v. State*, 194 Ga. App. 284 (390 SE2d 296) (1990); *Cooper v. State*, 156 Ga. App. 108 (274 SE2d 112) (1980).

Likewise, the State's reliance upon OCGA § 40-5-60 is misplaced. That statute provides: "All revocations and suspensions provided for in this chapter shall be effective on the day the driver receives actual knowledge or legal notice thereof, whichever occurs first. *Notice of suspension by operation of law shall be considered legal notice.*" (Emphasis supplied.) What is relevant in the instant case is the suspension of appellant's license based upon his status as an habitual violator. Compare *Hale v. State*, 188 Ga. App. 524 (1) (373 SE2d 250) (1988). There is no statutory provision authorizing notice by operation of law of suspension as an habitual violator. Compare *Hale v. State*, supra. OCGA § 40-5-58 (b) provides the methods for the giving of notice of suspension on that basis. As discussed above, the State's evidence that appellant had been given notice pursuant to OCGA § 40-5-58 (b) in July 1983 would authorize only a finding that appellant's act of driving without a license in August 1991 was a misdemeanor violation of OCGA § 40-5-58 (c) (1). Therefore, it was error to deny appellant's motion for a directed verdict of acquittal as to a felony violation of OCGA § 40-5-58 (c) (1) in the absence of any evidence that he had been notified of his renewed status as an habitual violator within the five years preceding August 1991.

2. Appellant enumerates as error the admission of evidence of his prior convictions in 1989 for driving under the influence, driving notwithstanding the revocation of his license as an habitual violator, and attempting to elude a police officer.

The State's evidence in the instant case showed the following: A motorist was being followed too closely by another vehicle and, on two occasions, was actually bumped by the following vehicle. An officer on patrol passed the two vehicles and noted that only the distance of one foot appeared to separate them. The officer decided to investigate and turned his patrol car around, but did not activate the blue lights or siren. As the officer was approaching the two vehicles, the driver of the lead vehicle pulled to the side of the road and motioned the officer to do likewise. Responding to the motioning of the driver of the lead vehicle, the officer pulled to the side of the road, but the following vehicle continued on. When the driver of the lead vehicle told the officer that he had been bumped twice, the officer began his search for the following vehicle and radioed for assistance.

Within a matter of minutes, the vehicle was discovered being driven away from appellant's wife's place of employment. At that time, appellant's wife was driving and appellant, who was intoxicated, occupied the passenger seat. Appellant denied that he had previously driven the vehicle. Despite the fact that the officer positively identified appellant as the previous driver of the following car and had seen no other occupant, appellant contended that he had been driven to his wife's place of employment by a friend.

The facts underlying the 1989 convictions are similar, but not identical. In 1989, appellant, while driving in a state of intoxication and while an habitual violator, had actually fled from a pursuing officer to avoid arrest. In the instant case, he had not. However, the evidence would nevertheless authorize a finding that appellant had attempted to avoid arrest in the instant case. A jury would be authorized to find that appellant, with actual knowledge that he had struck another vehicle twice and that a police officer had stopped to investigate, had continued to drive in violation of OCGA § 40-6-270 (a) and had used the opportunity to have his wife replace him as the driver. There is no requirement that a previous offense be absolutely identical to that which is being prosecuted. *McGowan v. State*, 198 Ga. App. 575, 577 (2) (402 SE2d 328) (1991). "The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence 'may be admitted if it " 'is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . .' " ' [Cit.]" *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). In the instant case, evidence of appellant's 1989 convictions was admissible to prove his bent of mind and pattern of driving while intoxicated and notwithstanding the revocation of his license as an habitual violator and of attempting to evade arrest upon discovery. See *Blane v. State*, 195 Ga. App. 504 (1) (393 SE2d 759) (1990).

3. During the course of the trial, appellant made a general request that, if the trial court was "going to allow [the] evidence [of the 1989 crimes] to go into the record," the jury be instructed as to the limited admissibility of that evidence. The trial court responded that it would give such limiting instructions at the conclusion of the trial. Appellant acquiesced in this ruling and made no specific request for contemporaneous limiting instructions. At the conclusion of the trial, the trial court gave limiting instructions in its general jury charge. On appeal, appellant does not suggest that the limiting instructions that were given were not full, fair and complete. Instead, he enumerates as error the failure of the trial court to have given additional contemporaneous limiting instructions.

"It is well recognized that when evidence is admitted for one pur-

pose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" (Emphasis in original.) *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). Appellant made only a general request for limiting instructions, which the trial court obviously did not construe as a specific request for *contemporaneous* limiting instructions. When the trial court indicated that it would, in fact, give such instructions in its subsequent general charge, appellant did nothing to indicate that the timing, as well as the giving, of such instructions was a material consideration. Accordingly, for all intents and purposes, the trial court complied with the only request that was ever made by appellant. In response to appellant's request, the trial court gave limiting instructions. Under these circumstances, there was no error in the trial court's failure to have given additional contemporaneous limiting instructions. "He who acquiesces at trial is not permitted on appeal to predicate error thereupon. [Cit.]" *Causey v. State*, 192 Ga. App. 294, 296 (1) (384 SE2d 674) (1989).

4. The judgment of conviction is affirmed as to driving under the influence. The erroneous failure to grant appellant's directed verdict of acquittal as to a felony violation of OCGA § 40-5-58 (c) (1) does not require a retrial. "Because the evidence was clearly sufficient to support a conviction of [misdemeanor violation of OCGA § 40-5-58 (c) (1)], the case is accordingly remanded for resentencing for imposition of misdemeanor punishment. [Cit.]" *Connelly v. State*, supra at 263. Appellant's remaining enumerations of error relate only to his felony conviction under OCGA § 40-5-58 (c) (1) and are moot by virtue of our remand for misdemeanor sentencing.

*Judgment affirmed in part and judgment vacated and case remanded with direction in part. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 8, 1992.

*J. Russell Jackson*, for appellant.

*Garry T. Moss, District Attorney, A. Rebekah Teal, Assistant District Attorney*, for appellee.