Ronald E. AMBURGEY, Individually and as Administrator of the Estate of Eric Amburgey, Appellant,

v.

CENTRAL KENTUCKY REGIONAL MENTAL HEALTH BOARD, INC., Appellee.

Court of Appeals of Kentucky.

Sept. 9, 1983.

Discretionary Review Denied
Feb. 29, 1984.

David M. Andrews, Stephen D. Milner, Lexington, for appellant.

Phillip D. Scott, Kathleen McDonough, Greenebaum, Doll & McDonald, Lexington, for appellee.

Before COOPER, HOGGE and HOWERTON, JJ.

HOWERTON, Judge.

Amburgey appeals from a summary judgment of the Fayette Circuit Court which held that he was not entitled to psychiatric evaluation records pertaining to his ex-wife, Rebecca Hettich. Eric Amburgey, the son of Rebecca Hettich and Ronald Amburgey, died on June 4, 1979, and Rebecca was subsequently found guilty of reckless homicide. Amburgey filed this action on August

4, 1981, requesting the health board to furnish him with all information in its possession relating to the treatment and consultations rendered to Eric and Rebecca. Amburgey was given the information concerning Eric, but he was denied access to Rebecca's records.

 KRS 421.215 provides that communications between a patient and a psychiatrist shall be confidential and privileged. The records requested in this case resulted from such privileged communications. The psychiatrist-patient privilege extends to include others who participate, under the supervision of the psychiatrist, in the diagnosis and treatment of the patient. Amburgey argues that he is nevertheless entitled to the information because of the statutory exception set forth in KRS 421.215(3)(c). It reads:

(3) There shall be no privilege for any relevant communications under this section:

.    .    .    .    .

(c) In a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense, or, after the patient's death, when said condition is introduced by any party claiming or defending through or as a beneficiary of the patient, and the judge finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychiatrist be protected.

We fail to find any relevancy in the cited exception to the facts in this case.

 First, we note that Amburgey is the beneficiary and administrator of the estate of Eric. He was properly given access to Eric's confidential records. Secondly, Rebecca is not a party in this action, and her mental condition is not an issue or an element of her claim or defense. She has made no claim or defense, nor has she waived *her* privilege. The appellant is seeking the information to satisfy his personal need to know all he can concerning the death of his son. He cannot use his status as Eric's beneficiary, however, to obtain access to Rebecca's files.

 Amburgey also attempts to pierce the psychiatrist-patient privilege through case law concerning child custody and child abuse proceedings. These cases involved either the best interest of the child or prosecutions for abuse. In this action, there is no issue concerning the child's welfare, his best interest, or a prosecution for abuse.

 Confidentiality is essential if psychiatrists are to be in a position to successfully treat their patients. A thorough understanding of the patient's problems and feelings must be divulged if treatment is to be appropriate and effective. The legislature has seen fit to make such communications privileged. The privilege granted by KRS 421.215 is absolute in the absence of the legislated and recognized exceptions. *Atwood v. Atwood*, Ky., 550 S.W.2d 465 (1976). It is not for this Court to take it upon itself to waive the privilege for someone or to carve out exceptions. *Southern Bluegrass Mental Health v. Angelucci*, Ky.App., 609 S.W.2d 931 (1980).

The judgment of the Fayette Circuit Court is affirmed.

All concur.