595 A.2d 1224

**Joyce KALENEVITCH and Barry Kalenevitch, her Husband**

v.

**Judith FINGER, Appellant.**

Superior Court of Pennsylvania.

Argued April 2, 1991.

Filed Aug. 5, 1991.

Reargument Denied Sept. 20, 1991.

432

Theresa L. Shade Wix, Harrisburg, for appellant.
Joseph M. Melillo, Harrisburg, for appellees.

Before JOHNSON, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a grant of new trial by the Court of Common Pleas of Dauphin County in favor of plaintiffs/appellees, Joyce and Barry Kalenevitch. The issues raised in this case call into question the appropriate parameters of the psychotherapist-patient privilege codified at 42 Pa.C.S.A. § 5944. We affirm.

This action arises from an automobile accident between the appellee, Joyce Kalenevitch and defendant/appellant, Judith Finger. At trial, the issue of damages was ardently contested. Mrs. Kalenevitch attempted to prove that she suffered from chronic neck and back injuries which limited her daily activities, including employment. Mrs. Finger called various witnesses to contradict the plaintiffs' evidence regarding damages. To that end, they called Doris Fahs, a registered nurse employed by licensed psychologist, Dr. Arnold Sheinvold. Both Dr. Sheinvold and Ms. Fahs treated Mrs. Kalenevitch for stress management. Ms. Fahs testified to conversations she had with Mrs. Kalenevitch which indicated that a great part of Mrs. Kalenevitch's stress resulted from family pressures. Her testimony indicated that Mrs. Kalenevitch suffered from stress related to her sons who lived with her. N.T. 1/29/90 at 16. Moreover, Ms. Fahs testified from her notes that Mrs. Kalenevitch told her that her neck pain had improved greatly, and that she experienced decreased anxiety and increased energy. N.T. 1/29/90 at 17. Mrs. Kalenevitch also told Ms. Fahs that she was "back to her old self." N.T. 1/29/90 at 18.

Appellee initially requested an offer of proof as to Ms. Fahs' competency to testify, in light of the psychotherapist-patient privilege. Counsel for appellee argued that Ms. Fahs' testimony was privileged by the psychotherapist-patient privilege. 42 Pa.C.S.A. § 5944. Appellant argued that since Ms. Fahs was not a licensed psychologist the privilege did not apply. The trial judge ruled that Ms.

Fahs' testimony was not, in fact, privileged and allowed her to testify. He also granted appellees a continuing exception to her testimony. N.T. 1/29/90 at 7. The jury then returned a verdict in favor of appellees in the amount of $10,831.00. Appellees filed a motion for new trial. The trial judge then reversed its decision of allowing the testimony of Ms. Fahs. He found that her testimony was prohibited by the psychotherapist-patient privilege since she was an agent of a licensed psychologist. A new trial was granted on the limited issue of damages and defendants appealed.

Appellant raises the following issues for our consideration:

1. whether, by failing to make timely and specific objection during the examination of a witness, a party may preserve an evidentiary issue for appeal;

2. whether the legislative intent of the psychologist privilege statute, 42 Pa. C.S.A. § 5944, indicate [sic] that its scope be limited to licensed psychologists;

3. should the psychologist-patient privilege protect communications which occur when the psychologist is not acting as a psychologist;

4. should a plaintiff be permitted to invoke a privilege in order to recover more money damages than those to which she is entitled by law?

We will consider each of these issues *seriatim*.

Our standard of review from an order granting a new trial is generally whether the trial court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the case. *Carter by Carter v. U.S. Steel Corp.*, 390 Pa.Super. 265, 272, 568 A.2d 646, 649 (1990) (*en banc*). Appellant first argues that appellees did not properly preserve the issue of whether section 5944 applies to the agent of a psychotherapist because they failed to specifically object to those portions of

Ms. Fahs' testimony they deemed inadmissible. Pa.R.Civ.P. Rule 227 provides:

(a) It shall not be necessary on the trial of any action or proceeding to take an exception to any ruling of the trial judge. *An exception in favor of the party against whom the adverse ruling was made shall be deemed to have been taken with the same force and effect as if it had been requested,* noted by the official stenographer, and thereafter written out, signed and sealed by the trial judge. (emphasis added)

When appellee's counsel asked for an offer of proof regarding the application of the psychotherapist privilege, the trial judge granted appellees an exception to the entirety of Ms. Fahs' testimony. N.T. 1/29/90 at 7. We therefore find that the exception the trial court granted preserved appellees' objection to Ms. Fahs' competency to testify.

■ Appellant next contends that the testimony of Ms. Fahs is beyond the scope of the psychotherapist-patient privilege since she was not a licensed psychologist when she treated Mrs. Kalenevitch, as required by the statute. We disagree. The question as to whether the psychotherapist privilege applies to an agent of the psychotherapist, who is not licensed herself, is a question of first impression in this Commonwealth. The Pennsylvania psychotherapist-patient privilege is codified as follows:

No psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. § 5944 (footnote omitted).[1]

Many of our sister states have enacted similar privileges between psychotherapist and patient. Ala.Code § 34–26–2 (1979); Ariz.Rev.Stat.Ann. § 32–2085 (1988); Ark.Stat.Ann § 17–96–105 (1955); Ga.Code Ann. § 43–39–16 (1986); Idaho Code § 54–2314 (1963); Ky.Rev.Stat.Ann. § 319.111 (Baldwin 1986); N.J.Rev.Stat. § 45:14B–28 (1981); N.Y.Civ. Prac.L. & R. 4507 (McKinney 1984); Tenn.Code Ann. § 63–11–213 (1953); Wash.Rev.Code Ann. § 18.83.110 (1989). These statutes apply to confidential communications between a client and psychologist, and, in some instances, between a patient and a psychiatrist, and are subject to the same conditions as the attorney and client privilege.

Various cases in this Commonwealth and other jurisdictions have expounded the rationale behind the psychotherapist-patient privilege. In *Commonwealth v. Kyle*, 367 Pa.Super. 484, 533 A.2d 120 (1987), a panel of this court held

> Patient confidence is essential for effective treatment. Because the information revealed by the patient is extremely personal, the threat of disclosure to outsiders may cause the patient to hesitate or even refrain from seeking treatment. The privilege thus serves the public interest in promoting a society in which the general well-being of the citizenry is protected.
>
> *   *   *   *   *   *
>
> The privilege afforded by § 5944 was intended to inspire confidence in the client and encourage full disclosure to the psychologist. By preventing the latter from making public any information which would result in humiliation, embarrassment or disgrace to the client, the privilege is

1. Section 5944 was enacted on July 9, 1976 as P.L. 586, No. 142 § 2, effective June 27, 1978. The statute was amended just before trial in, in this case, on December 22, 1989, and became effective on February 20, 1990, after trial ended. P.L. 722, No. 96, § 1. This amendment extended coverage to confidential communications to psychiatrists, in addition to psychologists. As this case involves a psychologist, the amendment has no bearing on this appeal.

designed to promote effective treatment and to insulate the client's private thoughts from public disclosure.

*Id.,* 367 Pa.Superior Ct. at 496, 500, 533 A.2d at 128.

In *Matter of Adoption of Embick,* 351 Pa.Super. 491, 506 A.2d 455 (1986), another panel of this court also discussed the public policy supporting confidential communications to psychotherapists:

> There can be no doubt that the purpose of the psychologist-client privilege is to encourage people to seek professional help for their mental or emotional problems, and that purpose is best accomplished when people in need of the psychotherapeutic treatment know that what they tell their therapist during treatment will not be disclosed to anyone.
>
>     *    *    *    *    *    *
>
> It cannot be gainsaid that society desires to protect and provide succor for the relationship of psychologist and client, and that without the confidentiality which the privilege provides, many people would simply forego therapeutic treatment.

*Id.,* 351 Pa.Superior Ct. at 499–500, 506 A.2d at 460.

In *Ex Parte Rudder,* 507 So.2d 411 (Ala.1987), a psychiatrist filed suit against a television station based on libel and invasion of privacy. The television station attempted to obtain records relating to drugs the psychiatrist prescribed for the patient. The patient asserted his psychiatrist-patient privilege to preclude such discovery. The Alabama Supreme Court vacated the order of the trial court requiring production, holding that the interest is promoting full and thorough discovery yielded to the psychiatrist-patient privilege because of an important societal interest in preserving the confidentiality of the psychiatrist-patient relationship. *Id.* at 416–17.

While it is clear, then, that there is a strong public policy in favor of maintaining the sanctity of the psychotherapist-patient relationship, and that the privilege applies to the psychotherapist himself, jurisdictions are split as to whether

the privilege also applies to the psychotherapist's agents or employees. In *Lipsey v. State,* 170 Ga.App. 770, 318 S.E.2d 184 (1984), the Georgia Court of Appeals found that disclosures made to a person conducting an intake evaluation at a family clinic were not privileged in light of the fact that the the counselor was neither a psychiatrist or psychologist licensed in Georgia, and because the legislature had not extended the privilege to anyone but licensed psychologists and psychiatrists. *Id.* at 772, 318 S.E.2d at 187.

In contrast, however, the Kentucky Court of Appeals has extended the psychiatrist-patient privilege to include others who participate, under the supervision of the psychiatrist, in the diagnosis and treatment of a patient. *Amburgey v. Central Kentucky Regional Mental Health Board,* 663 S.W.2d 952, 953 (Ky.Ct.App.1983). The Kentucky court found that the psychotherapist privilege is absolute in the absence of legislated and recognized exceptions. *Id.* The court reasoned that confidentiality is essential if psychiatrists are to be in a position to successfully treat their patients. *Id.* A thorough understanding of the patient's problems and feelings must be divulged if treatment is to be appropriate and effective. *Id.* We find the holding of the Kentucky Court of Appeals persuasive. However, in light of the statutory language involved, we take our discussion one further step to discuss the application of the attorney-client privilege to the psychotherapist privilege.

The Pennsylvania confidential communications to a psychotherapist statute provides, in part, that the confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between the attorney and client. 42 Pa.C.S.A. § 5944. Ergo, the same rules and interpretations regarding the attorney client privilege apply equally to the psychotherapist privilege. Accordingly, we hold that communications made to the agent of a licensed psychologist or psychiatrist are privileged by 42 Pa.C.S.A. § 5944.

In *Commonwealth v. Hutchinson*, 290 Pa.Super. 254, 434 A.2d 740 (1981), a panel of this court held that an inculpatory statement given by a criminal defendant's brother to an investigator hired by the public defender was subject to the attorney-client privilege. *Id.*, 290 Pa.Superior Ct. at 263, 434 A.2d at 744. While this court did not state a specific rule with which to apply the attorney-client privilege to the attorney's agents, it is clear that the privilege extends to such agents.

The principle extending the attorney-client privilege to an attorney's agents has been explained as follows:

> Generally, communications made between a defendant and counsel in the known presence of a third party are not privileged. An exception exists for statements made by a client to the attorney's employees or in their presence because clients have a reasonable expectation that such statements will be used solely for their benefit and remain confidential.

*People v. Osorio*, 75 N.Y.2d 80, 84, 549 N.E.2d 1183, 1185–86, 550 N.Y.S.2d 612, 614–15 (1989) (citations omitted). Moreover, other jurisdictions have held that the attorney-client privilege extends to agents of the attorney if that person assists the attorney in providing legal services. *Miller v. Haulmark Transport Systems*, 104 F.R.D. 442, 445 (E.D.Pa.1984); *Smith County Education Association v. Anderson*, 676 S.W.2d 328, 333 (Tenn.1984); *compare with Parkman v. State*, 294 Ark. 339, 342, 742 S.W.2d 927, 928–29 (1988) (taped conversation between defendant and private investigator who was not a representative of defendant's lawyer was not privileged).

■ Instantly, Mrs. Kalenevitch sought treatment from Dr. Arnold Sheinvold, a licensed psychologist, for stress and pain management. Part of this treatment included therapy which was delegated to Nurse Doris Fahs, an employee of Dr. Sheinvold. Therefore, Ms. Fahs was an agent of Dr. Sheinvold assisting him in treating Mrs. Kalenevitch. In light of our determination that communications made to an agent of a licensed psychologist or psychiatrist are privi-

leged under 42 Pa.C.S.A. § 5944, we conclude that Mrs. Kalenevitch's statements to Ms. Fahs were privileged.

■ In her third and fourth arguments, appellant contends that the psychotherapist privilege does not protect communications which occur when the psychologist is not acting as a psychologist, and that plaintiff should not be entitled to invoke the privilege when she has placed her mental condition at issue in a civil action. We find, however, that appellant has not properly preserved these two arguments for our review, and they are therefore waived. The doctrine of waiver has become firmly entrenched in Pennsylvania law and it is clear that a new and different theory of relief may not be successfully advanced for the first time on appeal. *Morgan v. Sbarbaro*, 307 Pa.Super. 308, 311, 453 A.2d 598 (1982). Because appellant failed to raise these particular issues in her opposition to appellees' motion for new trial, we cannot consider them for the first time on appellate review.

Order affirmed, jurisdiction relinquished.