**Polly ROST, Petitioner,**

v.

**STATE BOARD OF PSYCHOLOGY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1995.
Decided May 22, 1995.

James A. Bolden, for petitioner.

Jackie Wiest Lutz, for respondent.

Before DOYLE and SCHULTZ NEWMAN, JJ., and DELLA PORTA, Senior Judge.

DOYLE, Judge.

Polly Rost, a clinical psychologist licensed to practice in the Commonwealth of Pennsylvania, appeals from an order of the State Board of Psychology which reprimanded her for having violated Sections 8(a)(9) and (11) of the Professional Psychologists Practice Act (Act).[1] We affirm.

The facts in this case are not in dispute, having been stipulated to by the parties. This case originated in February of 1987 when an unlicensed supervisee of Rost began giving psychological treatment to S.P., a female juvenile. S.P. was treated in Rost's practice for recurring headaches that allegedly were caused when S.P. fell and struck her head at the York Jewish Community Center (YJCC). In March of 1988, S.P.'s mother filed suit against the YJCC on S.P.'s behalf, alleging that YJCC's negligence had caused her daughter physical and emotional harm.

In December of 1989, YJCC's attorney mailed Rost a subpoena requesting the treatment records for S.P. Rost subsequently provided YJCC with these treatment records. Although S.P.'s mother had previously signed a release allowing Rost to turn over the records to S.P.'s own attorney, Rost had not obtained permission to release the records to YJCC. Furthermore, Rost did not attempt to contact S.P.'s mother, or S.P.'s attorney, to obtain permission to release the records or to advise them of her intention to release the records prior to doing so. Rost did not attempt to gain permission because she believed that she was already authorized to release records to YJCC based upon the release which had previously been given to S.P.'s attorney.

On January 25, 1993, the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs (BPOA) issued an order to show cause in which it charged Rost with having violated three sections of the Act: (1) Section 8(a)(9) of the Act[2] through her violation of Ethical Principle 5 of the Board Regu-

---

1. Act of March 23, 1972, P.L. 136, *as amended*, 63 P.S. § 1208(a)(9) and (11).

2. Section 8(a)(9) authorizes the board to suspend, revoke, limit or restrict a license or reprimand a licensee for "[v]iolating a lawful regulation promulgated by the board, including, but not limited to, ethical regulations, ...." 63 P.S. § 1208(a)(9).

lations[3] governing the confidentiality of client information; (2) Section 8(a)(13) of the Act[4] by failing to perform a statutory obligation imposed upon licensed psychologists;[5] and (3) Section 8(a)(11) of the Act[6] by engaging in unprofessional conduct.

On June 17, 1993, a hearing was held before Frank C. Kahoe, a hearing examiner appointed by the Board. Subsequently, on August 30, 1993, the hearing examiner issued a proposed adjudication and order in which he concluded that Rost was not subject to disciplinary action under Section 8(a) of the Act, because S.P. had waived the client-psychologist privilege by asserting a claim for emotional damages in her lawsuit against YJCC. In response, the BPOA filed a brief on exceptions. The Board disagreed with the hearing examiner's recommendation, and by an amended order dated April 18, 1994,[7] officially reprimanded Rost for having violated Section 8(a)(9) and (11) of the Act.[8] Rost's appeal to this Court followed.[9]

On appeal, Rost presents the following questions for our review: (1) whether Rost violated Sections 8(a)(9) and (11) of the Act by releasing confidential medical records when she did so in response to a valid subpoena and where her client had previously authorized the release of the same records to the client's attorney; (2) whether the Board improperly found that Rost violated Sections 8(a)(9) and (11) of the Act since Ethical Principle 5 of the Board Regulations, upon which the Board's findings were based, is void for vagueness; and (3) whether Rost was exempted by Ethical Principle 5 of the Board Regulations from her duty to not release the records and thereby did not violate Sections 8(a)(9) and (11) of the Act.

Rost's first argument is that she did not violate Sections 8(a)(9) and (11) of the Act because she released the records pursuant to a subpoena and S.P. waived her right to confidentiality by initiating a lawsuit in which her psychological condition was at issue. In support of this position, Rost points out that the trial court in S.P.'s lawsuit against YJCC ultimately ruled that S.P. had waived her privilege of confidentiality. (Respondent's Exhibit C, Reproduced Record (R.R.) 5d.) She further claims that S.P.'s attorney had a duty to disclose the records to YJCC during discovery. Accordingly, Rost argues that she did not violate Ethical Principle 5 of the Board Regulations, since S.P. no longer had an expectation of privacy in regard to the records.

However, we must agree with the Board that Rost's argument is misplaced. We are

---

3. 49 Pa.Code § 41.61. Ethical Principle 5(a) reads in pertinent part:

> Psychologists may not, without the written consent of their clients or the client's authorized legal representative, or the client's guardian by order as a result of incompetency proceedings, be examined in a civil or criminal action as to information acquired in the course of their professional service on behalf of the client. Information may be revealed with the consent of the clients affected only after full disclosure to them and after their authorization. . . .

4. 63 P.S. § 1208(a)(13).

5. Section 5944 of the Judicial Code, 42 Pa.C.S. § 5944, states:

> No psychiatrist or person who has been licensed . . . to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those

provided or prescribed by law between an attorney and client.

6. 63 P.S. § 1208(a)(11).

7. An original order had been entered on March 29, 1994, which incorrectly stated that Rost had been found to have violated Section 8(a)(13) of the Act.

8. Although authorized to suspend or revoke Rost's license under Section 8(a) of the Act, as well as impose a one thousand dollar fine for each count under Section 11 of the Act, 63 P.S. § 1211, the Board chose to impose only a reprimand, the least burdensome penalty available.

9. Our review of the Board's decision is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; see Makris v. Bureau of Professional and Occupational Affairs, 143 Pa.Commonwealth Ct. 456, 599 A.2d 279 (1991).

not faced with the question of whether YJCC should have been barred from introducing S.P.'s records at trial based on the psychologist-client privilege. That is a determination properly made by a judge and not by a psychologist lacking formal legal training. *See Moore v. Bray,* 10 Pa. 519 (1849); *Commonwealth v. Hess,* 270 Pa. Superior Ct. 501, 506, 411 A.2d 830, 833, *appeal dismissed as improvidently granted,* 499 Pa. 206, 452 A.2d 1011 (1979) (no claimant of a testimonial privilege can be the final arbiter of his own claim). At the time Rost released S.P.'s records to YJCC, she did not seek the consent of her client, professional legal advice or the imprimatur of a judge. Rather, she unilaterally decided to release S.P.'s records.

■ Rost is also mistaken when she attempts to equate the psychologist-client privilege with the rule of confidentiality found in the Code of Ethics for psychologists. Although the two are similar, the privilege is limited in scope to the question of admissibility of evidence in a civil or criminal trial. In interpreting the psychologist-client privilege, we are guided by the same rules that apply to the attorney-client privilege. *Kalenevitch v. Finger,* 407 Pa.Superior Ct. 431, 595 A.2d 1224 (1991). The privilege may be waived by the client as was ultimately found to have occurred in this case.[10] Waiver of the privilege may occur where the client places the confidential information at issue in the case. *Premack v. J.C.J. Ogar, Inc.,* 148 F.R.D. 140

(E.D.Pa.1993). It may also be waived where there is no longer an expectation of privacy regarding the information because the client has made it known to third persons. *See Commonwealth v. Goldblum,* 498 Pa. 455, 447 A.2d 234 (1982) (attorney-client privilege no longer exists where communications were publicly disclosed by direction of client.)

■ Nevertheless, the Code of Ethics for psychologists imposes a duty of confidentiality which extends beyond the testimonial privilege found in Section 5944 of the Judicial Code;[11] this duty is absolute and cannot be waived except after full disclosure and written authorization by the client. Unlike the privilege, it continues even when the information has been previously disclosed to third parties or is material to litigation initiated by the client. In the present case, Rost did not even attempt to obtain the consent of her client before releasing confidential information. Although S.P. was eventually found to have waived the psychologist-client privilege, this does not absolve Rost from her ethical duty of confidentiality. Rost had a duty to either obtain written permission to release the records from S.P. or challenge the propriety of the subpoena before a judge. Rost did neither. Instead, she unilaterally gave S.P.'s records to YJCC without consulting with S.P. or her attorney. Since the language of Ethical Principle 5 of the Board Regulations unambiguously prohibits this

**10.** Section 5944 of the Judicial Code, 42 Pa.C.S. § 5944, governing the psychologist-client privilege, does not expressly mention "waiver." However, it does state that the confidential communications between psychologists and their clients will be treated in the same way as under the attorney-client privilege. Furthermore, Section 5916 of the Judicial Code, 42 Pa.C.S. § 5916, governing the attorney-client privilege in civil matters, and Section 5928, 42 Pa.C.S. § 5928 of the Judicial Code, governing the privilege in criminal matters, both state that the privilege may be "waived." Therefore, the waiver principle is applicable to the psychologist-client privilege.

**11.** In addition to looking at the clear and unambiguous language of Ethical Principle 5 of the Board Regulations, we find Rule 1.6 of the *Pennsylvania Rules of Professional Conduct* to be helpful in determining the scope of the Board Regulations. The Comment to Rule 1.6 reads in pertinent part:

> The principle of confidentiality is given effect in two related bodies of law, the attorney-client privilege ... in the law of evidence and the rule of confidentiality established in professional ethics. The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source....

We believe this language applies equally well to a comparison of the psychologist-client privilege and a psychologist's duty of confidentiality embodied in Ethical Principle 5 of the Board Regulations.

type of conduct, we must concur with the Board's conclusion that Rost violated Section 8(a)(9) of the Act. Additionally, we agree with the Board that Rost's breach of her duty of confidentiality constitutes unprofessional conduct in violation of Section 8(a)(11) of the Act.

■ Rost's second argument is that the Board improperly found that she violated Section 8(a)(9) and (11) of the Act by releasing the medical records since Ethical Principle 5 of the Board Regulations is void for vagueness. Rost argues that the language of Section 5944 of the Judicial Code and Ethical Principle 5 of the Board Regulations is vague because it does not sufficiently inform a psychologist who is issued a subpoena as to how to comply with his or her ethical obligations without violating a court order. Therefore, Rost claims Ethical Principle 5 of the Board Regulations is invalid. Rost concludes that the Board could not properly find that she violated a Board regulation or engaged in unprofessional conduct based on a violation of an invalid regulation.

We strongly disagree with Rost's argument. Ethical Principle 5 provides for the confidentiality of all client information obtained in a psychologist's practice except where the client has given his written permission to release the information or where there is a risk of imminent danger to another individual or society.[12] Its language is not vague; rather, it is plain and unambiguous. Rost may in fact have been confused by the conflicting obligations imposed by the rules of her profession and a court issued subpoena. However, any confusion which she might have had cannot be attributed to the clear

prohibition against revealing confidential information contained in Ethical Principle 5 of the Board Regulations.

■ Whenever a professional in possession of confidential information is served with a subpoena, a conflict naturally arises between one's duty to the courts and one's duty of confidentiality towards one's client. In this respect, Rost is no different from the numerous other psychologists, doctors, lawyers, and clergymen who receive subpoenas in this Commonwealth each year. The value of a psychologist's, or other professional's, duty of confidentiality would be illusory if it could be overridden anytime a conflicting duty arose which was thought to be more important. Although Rost may have been placed in an unfavorable position, she is not excused from following the ethical guidelines of her profession which plainly forbid her from disclosing a client's records without her consent.

Rost argues that it is unreasonable to expect a psychologist, lacking formal legal training, to know the proper procedure to follow after receiving a subpoena. Rost apparently believes that she was in an untenable position in which she would have had to either violate the rules of professional conduct or disregard a subpoena. However, this argument is flawed. Rost could have challenged the subpoena in court or obtained permission from her client before releasing the information. If Rost was uncertain about her legal rights and responsibilities, she should have at least obtained advice from an attorney instead of unilaterally releasing her client's records. As a licensed psychologist, she had an obligation to be aware of the

---

**12.** Ethical Principle 5(b)(1) of the Board Regulations, 49 Pa.Code § 41.61, states:

(b) A psychologist may reveal the following information about a client:

(1) Information received in confidence is revealed only after most careful deliberation and when there is clear and imminent danger to an individual or to society, and then only to appropriate professional workers or public authorities. The Code of Ethics does not prohibit a psychologist from taking reasonable measures to prevent harm when a client has expressed a serious threat or intent to kill or

seriously injure an identified or readily identifiable person or group of people and when the psychologist determines that the client is likely to carry out the threat or intent. Reasonable measures may include directly advising the potential victim of the threat or intent of the client. Because these measures should not be taken without careful consideration of clients and their situation, consultation with other mental health professionals should be sought whenever there is time to do so to validate the clinical impression that the threat or intent of harm is likely to be carried out.

ethical duties which govern her profession. Having received the benefits of being licensed by the state, Rost cannot now argue that she is a "layman" who lacks the knowledge and training necessary to understand and comply with the Board's regulations.[13]

 Rost's third argument is that her actions in releasing the medical records fall under the exception to Ethical Principle 5 of the Board Regulations which permits disclosure "when there is clear and imminent danger to an individual or to society."[14] 49 Pa.Code § 41.61. Rost argues that S.P.'s suit against YJCC was fraudulent and thereby created an "imminent danger" to YJCC and the Court of Common Pleas of York County. Only by releasing this information, Rost claims, was she able to prevent the danger "caused by fraudulent pleadings to the Commonwealth's Courts." (Petitioner's Brief, at 18.)

We may summarily dismiss this argument. The exception relied upon by Rost is very limited and does not encompass her situation. It only applies where a client poses a serious threat of killing or physically injuring a third person or group of persons. 49 Pa.Code § 41.61. While we condemn the filing of fraudulent pleadings,[15] it does not rise to the same level as serious physical harm. In this case, Rost does not allege that S.P. posed a threat of physical harm to others of any kind. Therefore, we agree with the Board that Rost's actions do not fall within any exception to Ethical Principle 5 of the Board Regulations.

Accordingly, we affirm the order of the Board which reprimanded Rost for having violated Sections 8(a)(9) and (11) of the Act.

*ORDER*

NOW, May 22, 1995, the order of the State Board of Psychology in the above-captioned matter is hereby affirmed.

13. Rost also argues that the attorneys for S.P. and YJCC failed to fully comply with the rules of discovery and that she would not have released the information as she did if they had acted properly. However, we do not need to decide whether Rost's allegations are correct since the attorneys' behavior is not relevant to our assessment of Rost's conduct. Even if the attorneys acted unprofessionally, this would not excuse Rost's own unprofessional conduct.

14. *See supra* note 12.

15. We point out that there is nothing in the record before us which would support Rost's contention that S.P.'s pleadings were in fact fraudulent. Therefore, even if Rost's argument had merit on its face, we would have to dismiss it since it is not factually supported in the record. *See Churilla v. Barner,* 269 Pa.Superior Ct. 100, 105 n. 6, 409 A.2d 83, 86 n. 6 (1979) ("allegations of a pleading do not constitute part of a trial record unless made part of it by offer and admission or court direction").