## Rosse v. Rosse

C.P. of Berks County, no. 6572-95 A.D.

*Lawrence Sager,* for plaintiff.
*John A. Boccabella,* for defendant.

GRIM, *J.,* July 19, 2000—The case is before the court on defendant's motions for the mental examination of plaintiff pursuant to Pa.R.C.P. 4010 and for the additional inspection of the former marital domicile for appraisal purposes. Plaintiff filed answers opposing both motions. The court shall address the motion for the mental examination of plaintiff first. The facts are undisputed and are as follows.

The parties were married in December 1977. Plaintiff, Kathie Rosse, Wife, filed for divorce in 1996. She seeks alimony. During the litigation of the support matters Wife presented evidence from Karen K. Carter-Katz, ACSW, and Louisa Lance M.D., that her earning capacity was limited due to the parties' separation and pending divorce.

Defendant, Frederick Robert Rosse, Husband, filed a motion for a mental examination of Wife by a psychiatrist pursuant to Pa.R.C.P. 4010. Husband also requests copies of all of Wife's medical records, including the diagnoses, progress notes, treatment, and prognosis from Wife's psychologist.

In her answer, Wife asserts that a mental evaluation and examination is unnecessary and that Husband fails to set forth "good cause" under Pa.R.C.P. 4010 to compel a mental examination.

The explanatory note—1978 reads in pertinent part as follows:

"(2) The amendment introduces a specific requirement of 'good cause shown' and notice to all parties and to the person to be examined. Actually, this makes no change in present practice. Good cause and notice were implicit in the prior rule, which required a showing that the physical or mental condition was in controversy in the action . . . .".

Thus, good cause is shown in the instant case because Wife bases her need for alimony on her mental condition and by doing so places her mental condition in controversy. Therefore, the court will grant Husband's request for the mental examination of Wife.

Husband also requests the medical records, including diagnoses, progress notes, treatment administered, and prognosis of Wife's ongoing treatment with Ms. Carter-Katz and Dr. Lance.

In her answer, Wife asserts the privilege of confidential communications to her therapists under both the Mental Health Procedures Act and the Judicial Code. Husband maintains that a party may waive the privilege by making his mental or emotional condition an element of a claim or defense.

The court first notes that it is uncertain that the MHPA applies in the case sub judice. The MHPA establishes rights and procedures for all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons. If Wife received only voluntary outpatient treatment, the MHPA is inapplicable.

Assuming arguendo that Wife's treatment is covered by MHPA, 50 P.S. §7111 governs the confidentiality of records and reads in pertinent part as follows:

*"Section 7111. Confidentiality of records*

"(a) All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:

"(1) those engaged in providing treatment for the person;

"(2) the county administrator, pursuant to section 110;

"(3) a court in the course of legal proceedings authorized by this act; and

"(4) pursuant to federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a federal agency."

Clearly, (a)(1), (2), and (4) have no applicability in the instant case. Section 7111(a)(3) is also inapplicable because the court may review the documents only in a MHPA hearing. Thus, the confidentiality of the records is almost inviolate.

However, in *Kraus v. Taylor,* 710 A.2d 1142 (Pa. Super. 1998), *appeal granted,* 556 Pa. 257, 727 A.2d 1109 (1999), *appeal dismissed as improvidently granted,* 560 Pa. 220, 743 A.2d 451 (2000), the Superior Court held that by filing a personal injury lawsuit for permanent injury, the plaintiff impliedly waived the statutory privileges pertaining to the confidentiality of records of treatment in publicly funded mental facilities, confidentiality of records of drug and alcohol abuse treatment, and confidentiality of communications to licensed psychologists, such that the records of his chronic drug and alcohol abuse were admissible. The court reasoned that the General Assembly must have intended the privileges to yield before the state's compelling interest in seeing that the truth is ascertained in legal proceedings and fairness

in the adversary process. Thus, the privilege is waivable under the MHPA.

42 Pa.C.S. §5944 governs confidential communications to psychiatrists or licensed psychologists and reads as follows:

*"Section 5944. Confidential communications to psychiatrists or licensed psychologists*

"No psychiatrist or person who has been licensed under the Act of March 23, 1972 (P.L. 136, no. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services on behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client." This statute clearly implies to the case sub judice.

This statute, too, is waivable. Waiver of the psychologist-client privilege may occur where the client places the confidential information at issue in the case. *Rost v. State Board of Psychology,* 659 A.2d 626 (Pa. Commw. 1995), *appeal denied,* 543 Pa. 699, 670 A.2d 145 (1995).

The court must decide in the case sub judice if a waiver has occurred.

Wife filed a claim for alimony which is based on her mental condition. Thus, Wife placed her mental health at issue. In addition, at least two of her health care providers presented evidence in the related support action. A miscarriage of justice would result if the court were to allow Wife to assert any privileges regarding confidential communications. The court finds that under the facts of this case Wife waived her rights to do so. Husband

accordingly has the right to access Wife's medical records.

The court believes that the parties resolved Husband's motion for an additional inspection of the former marital residence for appraisal purposes by an agreement to permit the inspection. Assuming arguendo that it has not been resolved, the court grants the request due to the lack of any valid opposition by Wife.

In accordance with the foregoing opinion, the court enters the following order.

## ORDER

And now, July 19, 2000, after consideration of defendant's motions, plaintiff's answers thereto, and the briefs, it is hereby ordered as follows:

(1) Plaintiff/Wife is to allow an additional inspection of the former marital domicile by defendant/Husband and any experts whom Husband deems appropriate within 30 days of receipt of this order.

(2) Wife is to submit to a mental examination by Dr. Larry Rotenberg within 30 days of receipt of this order.

(3) Wife is to authorize the release to Husband's attorney of all the medical information requested in the motion for mental examination pursuant to Pa.R.C.P. 4010 within 30 days of receipt of this order.