# Irvin v. Mason

C.P. of Allegheny County, no. GD99-6878.

*David J. Manogue,* for plaintiff.
*David M. Chmiel,* for defendant.

WETTICK JR., *J.,* September 30, 2002—Defendant's motion to compel investigative report and supplemental answers to interrogatories is the subject of this opinion and order of court. The issue raised through the motion is whether the attorney-client privilege applies to communications between plaintiff and an investigator retained by plaintiff's counsel for the purpose of developing a file that counsel will review in deciding whether to accept plaintiff's case.

Plaintiff was injured on May 9, 1997. She promptly contacted the Specter law firm to seek representation. On May 13, 1997, plaintiff furnished an investigator (Americus V. Rocco) with a two-page detailed description of the accident as well as the other information requested for an evaluation of her claim. Mr. Rocco submitted this information regarding plaintiff's claim to the Specter law firm which made the decision to accept her case. Through her motion to compel, defendant seeks this information which plaintiff furnished Americus Rocco, including the written description of the accident.

At the time plaintiff contacted the Specter law firm, large numbers of people were contacting this law firm to

seek representation. It had been the law firm's regular practice for over 10 years to use investigators with the firm of Guy Rocco & Associates to conduct, on the law firm's behalf, detailed interviews with injury victims who had contacted the law firm regarding representation. The purpose of the interview was to assemble all relevant information about the particular incident from the potential client.

A Rocco investigator records the information provided by the potential client on a form designed by the Specter law firm. The form provides space for the client's narrative of the incident which gave rise to the claim. The investigator forwards the form to one of the law firm's attorneys. The attorney decides whether the law firm will accept the case on the basis of the information within the form, particularly the client's detailed recollection of the incident.

In conducting its interviews, a Rocco investigator speaks to the client outside the presence of others. Rocco investigators have been instructed to keep confidential all communications with potential clients.

In support of her position that the Rocco investigative file is discoverable, defendant initially relies on case law holding that investigative files prepared by an investigator retained by counsel are discoverable. See *e.g., Briem v. Coppola,* 37 D.&C.3d 350 (Allegheny Cty. 1984). This case law is based on Pa.R.C.P. 4003.3 which allows discovery of information obtained in preparation for trial except, as to an investigator retained by counsel, disclosure of mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics. Consequently, the

information which defendant seeks is not protected under the narrow protections afforded work product under Rule 4003.3.[1]

Rule 4003.1(a) provides that a party may obtain discovery of a matter (including trial preparation material) only if the matter is not privileged. In the present case, plaintiff does not argue that the discovery which defendant seeks is protected under any work product protections afforded trial preparation material. Plaintiff's opposition to the discovery is based solely on the attorney-client privilege.

Defendant contends that the attorney-client privilege does not apply because the communications which defendant seeks were made before the law firm had agreed to represent plaintiff and because these investigators are not employees of the Specter law firm.

Under Pennsylvania appellate court case law, the attorney-client privilege applies to communications made for the purpose of seeking representation. In *Commonwealth v. Mrozek*, 441 Pa. Super. 425, 657 A.2d 997 (1995), the defendant telephoned the attorney's office to speak with counsel. Counsel's secretary advised him that the attorney was with clients and not available to speak with the defendant at that time. The defendant responded that he had to talk to the attorney immediately because he had just committed a homicide.

---

1. Defendant concedes that plaintiff may strike the investigator's "mental impressions, conclusions or opinions regarding the value or merit of the claim pursuant to Pa.R.C.P. 4003.3." Brief in support of motion to compel investigative report at 4.

The district attorney, when informed that the defendant had made an inculpatory statement to the secretary, subpoenaed her to testify. The defendant's counsel filed a motion to suppress the evidence on the ground that it was protected by the attorney-client privilege. The trial court ruled that the attorney-client privilege did not apply because (1) at the time of the communication, defendant had not yet spoken to the attorney; and (2) the secretary was not a subordinate for purposes of the privilege. The Superior Court reversed. It stated that it would follow the case law within other jurisdictions holding that the attorney-client privilege covers preliminary communications with regard to the retention of counsel.

Defendant's second argument that the attorney-client privilege does not extend to information which the client furnished to an investigator retained by counsel is also contrary to settled Pennsylvania appellate court case law.

In *Commonwealth v. Hutchinson,* 290 Pa. Super. 254, 434 A.2d 740 (1981), the court held that the attorney-client privilege applied to a statement of a client of the public defender made to an investigator from the public defender's office. The court cited case law holding that the privilege attaches to statements made to a lawyer or his agents.

In *Commonwealth v. Mrozek, supra,* the court also rejected the trial court's ruling that the attorney-client privilege did not apply because the secretary was not a subordinate for purposes of the privilege. The Superior Court quoted 8 Wigmore *Evidence* §2301 ("The assistance of these agents being indispensable to his work and the

communications of the client being often necessarily committed to them by the attorney or by the client himself, the privilege must include all the persons who act as the attorney's agents." 441 Pa. Super. at 430, 657 A.2d at 999). The court also relied on an opinion of the Illinois Supreme Court in *People v. Knipenberg,* 66 Ill.2d 276, 6 Ill. Dec. 46, 362 N.E.2d 681 (1997), which reversed a lower court decision allowing impeachment with statements made by a defendant to an investigator.

In *Commonwealth v. Noll,* 443 Pa. Super. 602, 662 A.2d 1123 (1995), the attorney whom Mr. Noll had retained hired an accident reconstruction expert (Mr. Bowes) to assist in preparation for possible litigation. Apparently as a result of the expert's findings, Mr. Noll decided not to pursue his civil lawsuit. Subsequently, the Commonwealth employed Mr. Bowes to investigate the incident and thereafter filed a criminal complaint. The trial court granted Mr. Noll's motion in limine to preclude the testimony of Mr. Bowes. On appeal, the Superior Court affirmed. The court ruled that where a third party is retained by an attorney to assist the attorney in giving legal advice to the client, information which the attorney or the client furnishes this third party is protected by the attorney-client privilege.

Legislation at 42 Pa.C.S. §5944 governing the psychotherapist/patient privilege provides that the confidential relations and communications between a psychologist or psychiatrist and the client shall be on the same basis as those provided or prescribed by law between an attorney and client. Pennsylvania appellate courts have looked to case law governing the attorney-client privilege in addressing privilege claims based on this legislation.

In *Kalenevitch v. Finger,* 407 Pa. Super. 431, 595 A.2d 1224 (1991), the defendant sought discovery of information which the plaintiff-wife furnished to a registered nurse employed by a licensed psychologist. The court ruled that the psychotherapist privilege applied on the basis of the Pennsylvania Superior Court's ruling in *Commonwealth v. Hutchinson, supra,* and case law in other jurisdictions cited by the court holding that the attorney-client privilege extends to an agent of the attorney if that person assists the attorney in providing legal services.

In *Commonwealth v. Simmons,* 719 A.2d 336 (Pa. Super. 1998), a defendant who was accused of sexually abusing a child sought the records of the treatment center (Mentor) where the child was being treated. A licensed psychiatrist whom Mentor employed composed an individual service plan for each child in the program, to be carried out by other members of a treatment team. According to Mentor, a treatment team includes a clinical coordinator with a master's degree in a human service field who regularly visits the home in which the child resides. In addition, the treatment team includes a Mentor adult (also known as a "mental health technician") with whom the child lives. (In the contract between the adult and Mentor, the Mentor adult is described as an independent contractor.) Mentor adults are trained by Mentor for at least three days in a variety of skills necessary for living with and caring for the child. The Mentor adult is responsible for carrying out the individual service plan on a daily basis and keeps a daily observational log of the child.

The trial court ruled that the statutory privilege covered only communications between the child and the psychiatrist; the statutory protections did not extend to the Mentor adult or clinical coordinator because they are not psychiatrists or psychologists. The Superior Court reversed, stating that the privilege also reached confidential communications to the Mentor adult, to the clinical coordinator, and to other program supervisors because they are all subordinates of the psychiatrist who oversees the child's treatment. The court relied on the case law describing the scope of the attorney-client privilege:

"In the attorney-client context, the job description of the recipient of a confidential communication or their lack of legal training is irrelevant so long as the recipient is an agent of an attorney and the statement is made in confidence for the purpose of obtaining or facilitating legal advice. We find that this reasoning should apply with equal force to members of the Mentor treatment team in conversations with T.W. in the course of facilitating the treatment plan." *Id.* at 343.

In the present case, defendant apparently contends that the law will differentiate between communications between the client/potential client and an employee of the law firm and communications between a client/potential client and an independent contractor hired by the law firm. Defendant does not cite any case law supporting this proposition and none of the case law which I reviewed makes such a differentiation. Furthermore, there would be no reason to do so. The controlling issue is whether the non-attorney to whom the confidential communication is made is acting on behalf of a lawyer in

connection with legal services which the lawyer is providing or may provide.

For these reasons, I enter the following order of court:

## ORDER

On September 30, 2002, it is hereby ordered that defendant's motion to compel investigative report and supplement answers to interrogatories is denied.