# Mikulas v. Burdette

C.P. of York County, no. 2000-SU-03977.

*Stephen M. Greecher Jr.,* for plaintiff.
*Michael M. Badowski, Shaun J. Mumford* and *Daniel L. Grill,* for defendants.

KENNEDY, *J.,* July 12, 2004—This matter is before the court on defendants' motion to compel discovery of plaintiff's mental health records filed on May 5, 2004. The court heard oral argument on May 10, 2004, and entered an order reserving decision on the motion at that time. After careful consideration, we are now ready to decide the motion.

## PROCEDURAL HISTORY AND FACTS

This is a medical malpractice action. On November 23, 1998, defendant Burdette performed a hysterectomy on plaintiff. During the surgery, defendant Nguyen was called in to repair an injury to plaintiff's bladder. On August 16, 2000, plaintiff filed a complaint against de-

fendants, alleging medical negligence and lack of informed consent. Plaintiff alleges that defendant Burdette perforated, tore or lacerated plaintiff's bladder in the course of performing the hysterectomy, and that plaintiff's left ureter was tied off, cut, obstructed or injured during the surgery. Plaintiff is seeking, among other things, damages for loss of life's pleasures, embarrassment, humiliation, emotional distress and mental anguish.

On May 5, 2004, defendants filed a motion to compel discovery of plaintiff's mental health records. Plaintiff suffers from bipolar disorder and adult ADD. Defendants assert that they are entitled to plaintiff's psychiatric records because the injuries and damages claimed by plaintiff may be related to plaintiff's pre-existing conditions. It is plaintiff's position that her mental health records are privileged.

## DISCUSSION

The psychiatrist/psychologist-patient privilege is contained in 42 Pa.C.S. §5944, which provides in pertinent part:

"No psychiatrist or person who has been licensed . . . to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services on behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client."

The privilege is based upon strong public policy and is designed to promote effective treatment and to insu-

late the client's private thoughts from public disclosure. *Kalenevitch v. Finger,* 407 Pa. Super. 431, 595 A.2d 1224 (1991). In addition to the privilege created by section 5944, section 7111 of the Mental Health Procedures Act protects a person's mental health records from disclosure without that person's written consent. 50 P.S. §7111.

The above privileges are not absolute. They are waived in civil cases when the patient places his or her mental health directly at issue. *Rost v. State Board of Psychology,* 659 A.2d 626 (Pa. Commw. 1995). Defendants argue that plaintiff has placed her mental health at issue by making claims for loss of life's pleasures, embarrassment, humiliation, emotional distress and mental anguish. Plaintiff contends that she has not waived the privilege because her claims for emotional distress and mental anguish are limited to the type of mental anguish and emotional distress that ordinarily accompany a personal injury.

Our appellate courts have provided little guidance as to when a plaintiff in a civil suit places his mental condition "at issue." In the absence of controlling appellate case law, we feel constrained to agree with those trial courts that have held that the privilege is not waived where there is no independent psychological injury and recovery is sought only for the normal pain and suffering damages that commonly accompany personal injury actions. See *Fetterhoff v. Zalezak,* 34 D.&C.4th 67 (Dauphin Cty. 1996); *Topper v. Shatzler,* 54 D.&C.4th 554 (Franklin Cty. 2001).

In the instant case, plaintiff has made no claim for an independent psychological injury or for expenses incurred for her mental health treatment. Plaintiff is not

claiming that her bipolar disorder, depression or ADD is the result of defendants' alleged conduct, or that defendants' conduct aggravated these conditions. Plaintiff is merely seeking recovery for the normal pain and suffering that is typically associated with her type of injury. Therefore, we conclude that plaintiff has not placed her mental health at issue.

Defendants also contend that they are entitled to plaintiff's mental health records because plaintiff discussed the instant medical malpractice action with her psychiatrists. This argument is without merit. We find no basis for holding that a patient who discusses his feelings with a mental health professional regarding a pending medical malpractice action in which the patient is involved should be penalized by having his mental health treatment records disclosed where there is no other basis for such disclosure.

Accordingly, we hold that defendants are not entitled to discovery of plaintiff's mental health treatment records.

## ORDER

And now, to wit, July 12, 2004, upon consideration of defendants' motion to compel discovery, it is hereby ordered and decreed that defendants' motion is denied.